## STATE v. INA KING.

(Filed 19 September, 1928.)

**Homicide—Manslaughter—Evidence Sufficient to Take Case to Jury.**

Evidence tending to show that the defendant knocked the deceased down, jumped on her with both knees in her stomach, and choked her, resulting in peritonitis which caused death, *is held* sufficient, in an action of homicide, to deny defendant's motion as of nonsuit, and to sustain the jury's verdict of manslaughter. *S. v. Everett*, 194 N. C., 442, cited and distinguished.

APPEAL by defendant from *Daniels, J.,* at April Term, 1928, of HERTFORD.

Criminal prosecution tried upon an indictment charging the defendant with the murder of Mary Flossie Williams.

There is evidence on the record tending to show that on 8 March, 1928, Mary Flossie Williams, a negro girl about 9 or 10 years old, who lived with her grandfather in Hertford County, where the defendant, her aunt in law, also lived, was writing or drawing figures on a piece of paper, when she dropped the same upon the floor, and the defendant's small boy picked it up, and, in obedience to his mother's command, gave it to the defendant; whereupon Mary Flossie Williams, according to some of the witnesses, struck the defendant (presumably with her hand), while others say she struck the boy, and the defendant in turn hit the deceased, knocked her down, jumped on her with both knees in her

stomach, and choked her. Peritonitis set in from the injury caused to the little girl's stomach, and, as a result thereof, she died on 5 April following.

Upon this evidence the case was submitted to the jury, and from an adverse verdict of manslaughter, and judgment pronounced thereon, the defendant appeals, relying chiefly upon the court's refusal to dismiss the action as in case of nonsuit.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Bridger & Eley for defendant.*

STACY, C. J., after stating the case: Considering the evidence in its most favorable light for the State, the accepted position on a demurrer or motion to nonsuit, we think the trial court properly submitted the case to the jury. *S. v. Sigmon,* 190 N. C., 684, 130 S. E., 854; *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669; *S. v. Carlson,* 171 N. C., 818, 89 S. E., 30; *S. v. Oakley,* 176 N. C., 755, 97 S. E., 616. The function of the court when considering a motion of this kind is, not to pass upon the weight of the evidence, but to determine its sufficiency to support a verdict. *S. v. Utley,* 126 N. C., 997, 35 S. E., 428; *S. v. Hart,* 116 N. C., 976, 20 S. E., 1014.

The jury was fully warranted in finding that Mary Flossie Williams came to her death as a direct result of the injury inflicted by the defendant. The case is not like *S. v. Everett,* 194 N. C., 442, 140 S. E., 22, strongly relied upon by defendant, for in the *Everett case* there was no sufficient evidence of the *corpus delicti* or to show that a crime had been committed.

A careful perusal of the record leaves us with the impression that no error was committed on the trial. The verdict and judgment will be upheld.

No error.