## STATE v. E. S. HART.

*Indictment for Arson—Practice—Appeal—Charge to Jury —Failure to Request Instruction until After Verdict— Exception—Verdict.*

1. An assignment of error that the Court declined to charge as requested will not be considered where the record does not show that any instructions were asked for.

2. Where there is an assignment of error that the evidence did not justify the verdict, this Court will consider only the evidence offered by the State.

3. An exception taken to a charge after verdict was rendered, will not be considered on appeal.

4. Where the Trial Judge in his statement of the case on appeal, says that he recapitulated the evidence to the jury and there is nothing in the record to contradict this statement, an assignment of error that the Court did not recapitulate the testimony will not be considered on appeal.

5. Where a bill of indictment contains all the averments that are necessary, the fact that it contains more than is necessary and therefore subject to the criticism of duplicity, will not vitiate it. Such defects are cured by a verdict.

INDICTMENT for burning a barn, tried before *Brown, J.,* and a jury, at Fall Term, 1894, of CRAVEN Superior Court.

The defendant was convicted and appealed. Such facts as are necessary to an understanding of the opinion are stated in the opinion of Associate Justice FURCHES.

*The Attorney General*, for the State.
*Mr. C. R. Thomas*, for defendant (appellant).

FURCHES, J. : The defendant having been convicted, moves for a new trial and assigns two grounds for his motion. First, that the Court did not charge the jury as requested, and Secondly, that the Court did not recapitulate the evidence to the jury. And these motions being denied, he then moved in arrest of judgment, upon the ground that the bill of indictment was defective.

Defendant's motion for a new trial cannot be sustained upon the first cause assigned for more than one reason. First, Upon examination of the record we fail to find any prayers or request for instructions, and therefore cannot see that the Court failed to give the instructions *asked*, if any were asked. But the brief of defendant seems to put this part of the prayer for a new trial upon the ground that there was not sufficient evidence on the part of the State to justify a jury in finding a verdict of guilty and the Court should have so instructed the jury. We say evidence in behalf of the State, because we, as a Court, cannot consider the evidence in favor of the defendant. If we could, we might have a different opinion from that of the jury as to what the verdict should have been. But if we should consider defendant's exception and assignment sufficient to authorize us to consider it as an exception to the charge of the Court upon this ground, still it does not appear that it was made until after the verdict was rendered, and when it was too late to interpose such an exception. *State* v. *Kiyer*, 115 N. C., 746, and cases there cited.

116—62

STATE *v.* HART.

If it had appeared from the record that the defendant had asked the Court to give this instruction and the Court had refused to do so, it would have presented an interesting question.   But this question is not presented as we have seen, and we can see no good reason why we should review the many decisions we have upon this line and we will not discuss the matter further, as whatever we might say would be but a dictum and we think, as a general rule, *dicta* are not profitable to the Courts or to the profession.

The second grounds assigned for a new trial cannot be sustained for the reason that the defendant is not sustained by the facts.   As we find the Judge in his statement of the case says that he did recapitulate the evidence to the jury, and there being nothing in the record to contradict this statement, we are bound by it.   This disposes of defendant's motion for a new trial and the only remaining question is defendant's motion in arrest of judgment, and we do not think this can be sustained.

The bill is inartistically drawn—contains more than is necessary, but all that is necessary—and may be liable to the criticism of duplicity.   But as it contains all the averments that are necessary we think the verdict must be sustained.   *State* v. *Thorne*, 81 N. C., 555.   But this is a motion in *arrest* of judgment and not a motion to *quash*. And if the bill is liable to the criticisms pointed out by defendant in his brief, such defects were cured by the verdict and cannot avail the defendant on a motion in arrest of judgment.   *State* v. *Simons*, 70 N. C., 336.   There is no error and the judgment is affirmed.

Affirmed.