STATE v. AGNES UTLEY.

(Decided March 20, 1900.)

*Indictment, Attempt to Poison—Non-essential Averment— Guilty Knowledge—Weight of Evidence—Motion in Arrest.*

1. A motion in arrest of judgment will not be allowed, because the bill did not charge that the defendant had knowledge of the deadly character of the substance alleged to be poisonous.
2. The weight of the evidence and credibility of the witnesses are for the jury to consider, and not the Court.

INDICTMENT for attempting to poison the prosecutor by placing phosphorus and a deadly poison, the name of which is to the jurors unknown, in a coffee pot with coffee therein, made for the prosecutor to drink, feloniously and maliciously intending him to injure, kill and murder, tried before *Hoke, J.,* at January Term, 1900, of WAKE Superior Court.

After conviction, the prisoner moved in arrest of judgment, because the indictment did not charge that she had knowledge of the deadly character of the substance alleged to be poisonous.

Motion disallowed, defendant excepted.

At the conclusion of the evidence, the defendant asked his

Honor to instruct the jury to render a verdict of not guilty, on the ground that evidence was insufficient to sustain the charge in the bill of indictment.

The prayer was disallowed, defendant excepted. Judgment of imprisonment. Defendant appealed.

*Mr. M. A. Bledsoe,* for appellant.
*Attorney-General,* for State.

FAIRCLOTH, C. J.    The defendant is indicted for attempting to poison another by placing phosphorus and a poisonous substance in a coffee pot.    After the conviction the defendant moved for an arrest of judgment, because the bill did not charge that the defendant had knowledge of the deadly character of the substance alleged to be poisonous.    This averment was held not to be essential in *State v. Slagle,* 83 N. C., 630.

The defendant also asked his Honor to instruct the jury to render a verdict of not guilty on the ground that there was not sufficient evidence to submit to the jury, which prayer was overruled.    We have carefully read the evidence, and think that there was evidence to go to the jury.    The weight of the evidence and the credibility of the witnesses were for the jury to consider, and not the Court.

Affirmed.