### E. F. SPAUGH v. ED PENN.

(Filed 7 November, 1917.)

**Evidence—Memorandum—Examination of Witness.**

In an action to recover a balance due for services rendered in cutting wood, a copy from a lost memorandum book made by plaintiff's daughter which he saw her make, and to the accuracy of which he testified, is competent to refresh his memory on the witness-stand; but the exception loses its force when it appears that the plaintiff could not read, and the copy was only used by his counsel for the purpose of examining him.

APPEAL by defendant from *Harding, J.,* at the February Term, 1917, of FORSYTH.

This is an action to recover $25, balance due on the purchase price of a gasoline engine, and $136.21 for services rendered by the plaintiff to the defendant in sawing wood.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*J. B. Craver for plaintiff.*
*J. E. Alexander and W. T. Wilson for defendant.*

PER CURIAM. We have examined all of the exceptions taken by the defendant and find no error.

The principal exception relied on is to the action of the court in permitting the plaintiff to use a memorandum which was copied by his daughter from a book which was lost, which the plaintiff testified he saw his daughter copy, and that it was an accurate copy, for the purpose of refreshing his memory.

If, as we understand the record, the plaintiff saw the entries made, and they were made for him by his daughter and in his presence, we see no reason in refusing to let him use it for the purpose indicated by his Honor; but if this was not so, the exception loses its force when it appears, as it does from the record, that the plaintiff could not read the memorandum, and that it was not used except by his counsel as a guide in the examination of the plaintiff.

No error.