STATE v. E. L. PALMORE.

(Filed 22 April, 1925.)

1. **Appeal and Error—Criminal Law—Solicitor's Acceptance of Appellee's Case—Record.**

   Where the convicted defendant on a trial of a criminal action serves in apt time his case on appeal on the solicitor, who endorses his acceptance thereon as the case tried, it will conclusively be taken as the case on appeal, and may not be corrected by affidavit of the stenographer that the judge's charge to the jury had been inaccurately transcribed by her from her notes taken at the trial.

2. **Criminal Law—Instructions—Reasonable Doubt—Appeal and Error.**

   The requisite of the law that the State must show the defendant in a criminal action guilty beyond a reasonable doubt in order to convict him is for the defendant's benefit, and a charge that likewise puts the burden on defendant to show his innocence beyond a reasonable doubt is prejudicial error, entitling him, on conviction, to a new trial.

APPEAL by defendant from *Shaw, J.,* and a jury, at September Term, 1924, of GUILFORD.

The defendant was indicted for "wilfully, unlawfully and knowingly did offer for sale and sell to Mrs. D. L. Ladd the stocks, bonds, obliga-

tions of or interest in the Health-Tone Laboratories, Incorporated, of Greensboro, North Carolina, without first having procured license to do so from the Insurance Department of North Carolina."

. On the trial the defendant was found guilty by the jury and sentence imposed by the court below. Exceptions and assignments of error were duly made by defendant and appeal taken to the Supreme Court.

When the case was called for argument in this Court, the Attorney-General made a motion "suggesting a diminution of the record," and submitted the following affidavit of the court stenographer:

"That she is the official court stenographer for the Superior Court of Guilford County, North Carolina, and is the court stenographer that took down in shorthand and transcribed the charge of the Honorable Thomas J. Shaw, judge presiding at the trial of the case of State v. E. L. Palmore in the Superior Court of Guilford County at the September Criminal Term, 1924; that she has had her attention called to the last paragraph of said charge as transcribed by her as follows:

" 'It is all a matter for you, gentlemen of the jury. If you find beyond a reasonable doubt that the defendant is guilty in the case in which the bill of indictment recites this transaction with Mrs. Ladd, then you will convict him. If you find beyond a reasonable doubt that he is not guilty, then you will acquit him; and the same rule applies to the second case, gentlemen of. the jury, the transaction with Mr. Florence. If you find beyond a reasonable doubt that he is guilty under that bill, you will convict him. If you find beyond a reasonable doubt that he is not guilty, you must acquit him.'

"That she has compared the charge as so transcribed with her original shorthand notes, and that she now finds that the portion of the charge as above set out was incorrectly transcribed; that a true and correct transcription of said charge, in so far as it pertains to said last paragraph, is as follows, and not otherwise:

" 'It is all a matter for you, gentlemen of the jury. If you find beyond a reasonable doubt that the defendant is guilty in the case in which the bill of indictment recites this transaction with Mrs. Ladd, then you will convict him. If you have a reasonable doubt as to his guilt you will acquit him; and the same rule applies to the second case, gentlemen of the jury, the transaction with Mr. Florence. If you find beyond a reasonable doubt that he is guilty under that bill, you will convict him. If you have a reasonable doubt as to his guilt, you must acquit him.

" 'You can retire, gentlemen, and make up your verdict.' "

The appellant's, defendant's, answer to the motion is as follows:

"The appellant herein respectfully submits that the Attorney-General's said motion should be denied for the following reasons:

"Although entitled 'motion suggesting a diminution of the record,' no diminution of the record is suggested. And no certiorari is prayed. The motion prays this Court to amend, modify, or alter a part of the agreed case on appeal in the record so as to make it correspond to what the court stenographer in her affidavit now asserts to be her stenographic notes of the trial. The motion is to amend or change the record here so as to substitute alleged stenographer's notes for case on appeal agreed to by counsel.

"Of course, appellant and his counsel can have no means of knowing what the stenographer's notes are or mean. That is a matter of which she alone can have knowledge.

"We know, however, that the case on appeal containing the judge's charge as set out in the stenographer's typewritten transcription was served on the solicitor within the time allowed, and that within the time allowed him he approved said case on appeal in writing and signed his name to the approval. R. 40.

"The statute, C. S., 643, thereupon made it mandatory upon the clerk to file an agreed case on appeal as a part of the record. He did so, and this agreed case is now a part of the record of this case in this Court.

"This Court holds that stenographer's notes are not compelling authority as to what transpired during the trial, but that the supreme authority is that of counsel themselves in agreeing as to what occurred, whether as to the evidence, as to the charge, or otherwise. And this Court has consistently refused to make the stenographer's notes of higher authority than the agreement of counsel. *Cressler v. Asheville,* 138 N. C., 485; *Rogers v. Asheville,* 182 N. C., 596.

"We, therefore, submit that the Court should not make the stenographer's notes in this case of higher authority than the agreement of counsel.

"Besides, we understand it to be the holding of this Court that it is without power to alter, modify, amend, or in any way change the record as it comes to this Court. *Neal v. Cowles,* 71 N. C., 266; *Covington v. Newberger,* 99 N. C., 523; *Walker v. Scott,* 102 N. C., 487; *S. v. Wheeler,* 185 N. C., 670, 672.

"In *Walker v. Scott, supra,* it was said: 'The case stated or settled on appeal passes into and becomes part of the case in the court below, and it comes to this Court as a part of record. This Court has no authority to make, alter, or modify it in any material respect, or to determine that it was or was not duly filed.'

"In *Covington v. Newberger, supra,* the Court said: 'Counsel for the appellant proposed to show by affidavit what the instructions asked for and refused were; but this Court cannot permit the case stated to be varied or amended in any such way, and we can only consider the question presented in the record.'

S. *v.* PALMORE.

"We know of no rule, and can conceive of no reason to support a rule, giving the State when it is a party on appeal any rights in this respect superior to the rights of any other litigant.

"Wherefore, we respectfully submit that the Attorney-General's motion should be denied and that this appeal should be considered and disposed of upon the record."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Bynum, Hobgood & Alderman for defendant.*

CLARKSON, J. From a careful inspection of the record, examination of the briefs and hearing the arguments, we can discover no error whatever in the record except the charge as appears of record in regard to reasonable doubt and set forth in the motion of the Attorney-General. The case in the court below was tried by a learned and painstaking judge. The Attorney-General in the brief says: "This jury, beyond any doubt, it seems to us, could not have been misled by this patently erroneous statement of his Honor in such way as to affect their finding in the particular case. If the burden is upon the State (and this is probably true) to show that no harm could have come from this error, we think that the considerations suggested herein show that this defendant was not harmed by this error."

In *State v. Starling,* 51 N. C., 367, *Pearson, C. J.,* approves the charge of Shepherd, J., in the court below: "Reasonable doubt, in the humanity of our law, is exercised for a prisoner's sake, that he may be acquitted if his case will allow it. It is never applied for his condemnation." *Speas v. Bank,* 188 N. C., 528.

In the interest of humanity, except in certain cases changed by statute, the accused is entitled to an instruction that the prosecution must prove the charge against him beyond a reasonable doubt. In material or civil matters, ordinarily the rule is different—by preponderance or greater weight of the evidence. Reasonable doubt is defined in *State v. Schoolfield,* 184 N. C., 723. The rule of reasonable doubt has come down to us from ages past and is firmly established in this jurisdiction. It is a substantial right. *Hunt v. Eure, ante,* 482. There was error in the charge as appears from the record.

Should the motion of the Attorney-General be allowed? We cannot so hold. Precedent and orderly practice and procedure is ordinarily the life and light of the law; without it we would have chaos. It may, in some cases, work a hardship, as in this case, to the State, but adherence to the fixed rules is necessary in the administration of law.

The solicitor, under our Constitution, has to prosecute on behalf of the State in all criminal actions in the Superior Court and advise the

officers of justice in his district. He is the most responsible officer of the court. *State v. McAfee, ante,* 320.

The record shows that the defendant prepared and tendered his case in the time allowed by law to the solicitor, and he signed the following: "Service of the foregoing defendant's, appellant's, statement of case on appeal is hereby accepted and the receipt of a copy thereof is hereby acknowledged. . . . The foregoing is hereby approved as the statement of case on appeal."

The record imports verity. The solicitor must pass on "case on appeal" for the State, *State v. Cameron,* 121 N. C., 573, and this Court is bound by the case passed upon, *State v. Wilson,* 121 N. C., 650. The judge cannot authorize the case on appeal to be served upon any other than the solicitor or counsel acting for him. *State v. Stevens,* 152 N. C., 840. When appellant's case is served in time, and no exception or countercase served, it is "the case." *State v. Carlton,* 107 N. C., 956.

Practically this very matter has been recently passed upon in *State v. Humphrey,* 186 N. C., 533. In that case the defendant in apt time served on the solicitor the case on appeal. The solicitor after the statutory period filed a countercase. The judge undertook to settle the case on appeal and directed that the same be filed as the case, etc. The appellant's case on appeal with the record proper was certified to the Supreme Court and duly docketed for hearing. At the call of the cause in this Court the Attorney-General suggested a diminution of the record and moved that the case served by the court be docketed as the only correct and proper case on appeal. Motion disallowed, and cause heard and determined on case as tendered and served by appellant. In the *Humphrey case, supra, Hoke, J.,* in a clear and concise opinion, sets forth the statutes and authorities, and a repetition here is unnecessary.

There must be a

New trial.