## STATE v. JESSE MANNING.

### (Filed 4 March, 1942.)

**1. Criminal Law § 33—**

Where the trial court, in the absence of the jury, hears the testimony of the witnesses and of the defendant upon the question of whether the various confessions made by defendant were voluntary, and finds, upon supporting evidence, that the confessions were in fact voluntary, the admission of testimony of the confessions will not be held for error.

**2. Criminal Law § 53d—**

The trial court is not required to charge the jury upon the question of the defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees.   C. S., 4640.

**3. Homicide § 27h—**

Where all the evidence tends to show that murder was committed in the perpetration of a robbery, the trial court is not required to submit to the jury the question of defendant's guilt of lesser degrees of the crime.

**4. Criminal Law §§ 5c, 53c, 81c—Charge on burden of proving defense of insanity held not prejudicial when construed as a whole.**

The court charged the jury that defendant's defense of insanity "must be clearly proven" by him, but in other portions of the charge repeatedly instructed the jury correctly that the burden of proving the defense was "to the satisfaction of the jury," or that the defendant "must satisfy the jury" upon the issue, and after the jury had retired recalled it and again correctly charged it upon the burden of proof.  *Held:* Construing the charge as a whole it did not contain prejudicial error.

**5. Criminal Law § 53h—**

The charge of the court should be construed contextually.

Appeal by defendant from *Burney, J.,* at August Term, 1941, of Bertie.

Criminal prosecution tried upon indictment charging the defendant with feloniously and with malice aforethought killing Paul Best.

The State's evidence tends to show that on the morning of 8 July, 1941, Paul Best, an elderly man employed as a clerk in the store of H. P. Sewell, in the town of Windsor, was struck on the back of the head at the base of the skull by a hammer or other blunt instrument, and that as a result of the injury Best died some seven or eight hours later.   The defendant was seen coming out of the store where Best was employed a short time before Best was found on the floor of the store in an unconscious condition.   There was evidence that the cash register had been robbed, and the evidence tends to show that the murder was committed in the perpetration of this felony.

Defendant made numerous confessions, admitting that he killed the deceased, Paul Best, and that he robbed the cash register; but at the time of the trial he repudiated the confessions and contended they were involuntary.

Verdict: Guilty of the felony and murder in the first degree whereof the defendant stands charged in the bill of indictment.

Judgment: Death by asphyxiation. Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Gillam & Spruill for defendant.*

DENNY, J. The defendant's first exception is to the ruling of his Honor that the confessions of the defendant were voluntary. The court, in the absence of the jury, heard the testimony of the witnesses and the defendant on the question as to whether or not the various confessions of the defendant were voluntary. The court then found as a fact and held that the confessions of the defendant were free and voluntary.

In the case of *S. v. Fain,* 216 N. C., 157, 4 S. E. (2d), 319, *Stacy, C. J.,* said: "It is the established procedure with us that the competency of a confession is a preliminary question for the trial court, *S. v. Andrew,* 61 N. C., 205, to be determined in the manner pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, and that the court's ruling thereon will not be disturbed, if supported by any competent evidence. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421."

In *S. v. Andrew, supra, Pearson, C. J.,* said: " 'It is the duty of the judge to decide the facts upon which depends the admissibility of testimony; he cannot put upon others the decision of a matter, whether of law or of fact, which he himself is bound to make.' *S. v. Dick,* 60 N. C., 440. . . . What facts amount to such threats or promises as make confessions not voluntary and admissible in evidence is a question of law, and the decision of the judge in the court below can be reviewed by this Court; so what evidence the judge should allow to be offered to him to establish these facts is a question of law. So whether there be any evidence tending to show that confessions were not made voluntarily is a question of law. But whether the evidence, if true, proves these facts, and whether the witnesses giving testimony to the court touching the facts are entitled to credit or not, and, in case of a conflict of testimony, which witness should be believed by the court are questions of fact to be decided by the judge, and his decision cannot be reviewed in this Court, which is confined to questions of law." *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603.

No error has been made to appear in the admission of the confessions of the defendant in evidence.

The second and seventh exceptions are to the refusal of the court to charge the jury on the lesser degrees of the crime charged. It is well settled in this jurisdiction that where there is no evidence to sustain a verdict of guilty of a lesser offense than that charged in the bill of indictment, it is not incumbent upon the court to submit to the jury the question of defendant's guilt of lesser degrees of the crime charged. This rule applies to indictments for murder when all the evidence tends to show, as here, that such murder was committed in the perpetration of a felony.

In *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657, we find: "There was no error in not instructing more fully upon the question of the right to convict of a lesser offense, and there would have been no error in omitting any mention of such a right, since there is in the record no evidence to sustain a verdict of guilty of a lesser offense."

In *S. v. Cox,* 201 N. C., 357, 160 S. E., 358: "Where all the evidence at the trial of a criminal action, if believed by the jury, tends to show that the crime charged in the indicment was commited as alleged therein, and there is no evidence tending to show the commission of a crime of less degree, it is not error for the court to fail to instruct the jury that they may acquit the defendant of the crime charged in the indictment and convict him of a crime of less degree. See *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605, where the statute, C. S., 4640, is construed and applied," cited and approved in *S. v. Hobbs,* 216 N. C., 14, 3 S. E. (2d), 431. See, also, *S. v. Kelly,* 216 N. C., 627, 6 S. E. (2d), 533, and *S. v. Godwin,* 216 N. C., 49, 3 S. E. (2d), 347.

The objections raised by these exceptions cannot be sustained.

The sixth exception is to the following statement in his Honor's charge: "To establish a defense on the ground of insanity, it must be clearly proven that at the time of the commission of the act the party accused was laboring under such a defect of reason from disease of mind as not to know the nature and quality of the act he was doing or if he did know that he did not know he was doing wrong."

His Honor in his charge on the burden of proof, which rested upon the defendant on his plea of insanity, stated: "It must be clearly proven," instead of the usual expression, to wit: "It must be proven to the satisfaction of the jury," or "The defendant must satisfy the jury." However, the language used by his Honor is almost *verbatim* with that in 14 R. C. L., sec. 55, page 600, on this question.

In the charge, as to the burden of proof on the question of insanity, his Honor stated the burden several times in conformity with the decisions of this Court. After the jury had been out a short while, the court recalled the jury and said: "Gentlemen of the jury, I tried to

make it clear to you when I charged you upon insanity, but in the closing charge I feel that I did not make it clear and I want to further charge you." Thereupon the court charged the jury properly, in accordance with the decisions of this Court, on the burden of proof which rested upon the defendant on his plea of insanity.

It is well settled that the charge of the court should be considered contextually. *S. v. Smith,* 217 N. C., 591, 9 S. E. (2d), 9; *S. v. Henderson,* 218 N. C., 513, 11 S. E. (2d), 462; *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469, and other decisions too numerous to cite.

This exception cannot be sustained.

We have carefully examined the other exceptions and they cannot be sustained.

In the judgment of the court below we find

No error.