### STATE v. PALMER MEARES.

(Filed 16 December, 1942.)

**1. Homicide §§ 16, 28—**

In a prosecution for murder, evidence which showed that defendant went to the home of deceased to ask if deceased had reported him to the officers as the owner of a still and sugar found near the homes of both, whereupon a fight ensued and defendant shot and killed deceased, who was unarmed, shooting him several times and in the back as deceased fled out of his house, around the yard and down to his barn, *held* ample to support a verdict of murder in the first degree.

**2. Homicide § 27b—**

In an instruction to the jury, in a murder trial, that if the defendant has failed wholly to satisfy you that he was fighting in self-defense, then he would be guilty of murder in the second degree at least, the use of the word "wholly" is not prejudicial error, when considered with the other portions of the charge which were correct.

APPEAL by defendant from *Bone, J.,* at June Term, 1942, of ROBESON.

Criminal prosecution tried upon indictment charging the defendant with the murder of George Allen.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*F. D. Hackett for defendant.*

STACY, C. J. The record discloses that on the morning of 20 May, 1942, the defendant went to the home of the deceased to inquire whether he had reported him to the officers as the owner of the still and a quantity of sugar which the sheriff and his deputies had seized on the day before in the woods near the homes of the parties. The two had been in the illicit distillery business together for a number of years. They

were related by affinity, the defendant having married a niece of the deceased. The defendant found the deceased and his wife at breakfast. The evidence is in conflict as to just what happened prior to the killing, but the jury has found that it took place under circumstances amounting to murder in the first degree. There is ample evidence to support the verdict. The defendant interposed a plea of self-defense, which was rejected by the jury. It is certain that a fight ensued and several shots were fired by the defendant. The deceased ran out of the house, around the yard, and down to his barn. He was shot in the back while going to the barn. The deceased had no firearm. It is in evidence that he called to his wife to bring him his gun, which she never did.

The exceptions discussed in defendant's brief relate to portions of the charge, and of these, only one would seem to merit any discussion. The burden of establishing the defendant's guilt beyond a reasonable doubt was properly placed upon the State. Correct instructions were also given in respect of defendant's plea of mitigation and self-defense. Near the end of the charge and in summation, the court gave this instruction:

"If the defendant has failed wholly to satisfy you that he was fighting in self-defense, then he would be guilty of murder in the second degree at least, and if the State then has gone forward and satisfied you from the evidence beyond a reasonable doubt that the killing was wilful, malicious and with premeditation and deliberation, as those terms have been explained to you by the Court, then it would be your duty to return a verdict of guilty of murder in the first degree."

The defendant's quarrel with the instruction is, that the use of the word "wholly" deprived him of his plea of mitigation and self-defense unless established by a greater intensity of proof than "to the satisfaction of the jury." *S. v. DeGraffenreid, ante,* 113; *S. v. Beachum,* 220 N. C., 531, 17 S. E. (2d), 674; *S. v. Benson,* 183 N. C., 795, 111 S. E., 869; *S. v. Carland,* 90 N. C., 668. If the instruction stood alone, the argument of defendant's counsel would present a more serious question. However, considering it in connection with other portions of the charge, as we are required to do, it is not thought the jury could have been misled in the matter. *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360. The charge is to be read contextually. *S. v. Lee,* 192 N. C., 225, 134 S. E., 458.

The other exceptions to the charge may readily be resolved in favor of upholding the trial by the same formula of contextual consideration. *S. v. Johnson,* 219 N. C., 757, 14 S. E. (2d), 792.

A careful perusal of the entire record leaves us with the impression that no reversible error has been made to appear. The verdict and judgment will be upheld.

No error.