STATE v. WILLIAM VICKS.

(Filed 22 September, 1943.)

**1. Criminal Law § 53a: Trial § 29a—**

A charge to the jury must be considered contextually.

**2. Rape § 1e—**

In a criminal prosecution for rape, the court charged the jury that if the State's evidence satisfied them beyond a reasonable doubt that defendant had carnal knowledge of prosecutrix, by force and violence, against her will, it would be their duty to return a verdict of guilty, but should such evidence fail to so satisfy them, then they need not find defendant guilty of rape, where in other parts of the charge the jury was definitely instructed not to convict of rape if not so satisfied, there is no error.

**3. Criminal Law § 41b: Evidence § 22—**

Permission for the solicitor to cross-examine a State's witness, in a criminal prosecution, is within the sound discretion of the court.

**4. Appeal and Error § 38: Trial § 36—**

Where the court, at the time testimony is withdrawn, definitely instructs the jury not to consider same, there is a presumption on appeal that the jury obeyed such instruction, unless prejudice appears or is shown by appellant, on whom the burden rests.

**5. Rape § 1d—**

 Positive testimony of rape by prosecutrix is sufficient to carry the case to the jury, even when her evidence is denied by defendant, and nonsuit under C. S., 4643, properly denied.

APPEAL by defendant from *Bone, J.,* at March Term, 1943, of CHOWAN. No error.

This was a criminal action wherein the defendant was charged with rape upon his fourteen-year-old daughter.

The State offered the testimony of the prosecutrix, Ola Dean Vicks, to the effect that the defendant struck her several times on the head, knocked her down, and while she was prostrate on the floor, forcibly and against her will inserted his private parts into her private parts. There was adminicular evidence from other witnesses.

The defendant was the only witness in his own behalf, and denied that he struck and knocked down the prosecutrix, and denied that he inserted or attempted to insert his private parts into her private parts, and testified that the most he did was to slap the prosecutrix, his daughter, for disobedience, which angered her.

From sentence of death predicated upon a jury verdict of guilty of rape the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Herbert Leary for defendant, appellant.*

SCHENCK, J. The appellant reserved exception, and sets out the same in his brief, to an excerpt from the charge of the court as follows: "But if the State has, by evidence, satisfied the jury beyond a reasonable doubt that this defendant had carnal knowledge or sexual intercourse, the two terms being synonymous, with the prosecutrix, and that he accomplished it by force and violence, and against her will, it would be your duty to return a verdict of guilty of rape, as charged in the bill of indictment. If the evidence of the State fails to so satisfy you then you need not find him guilty of rape, and it would be your duty to consider the question of his guilt or innocence upon one of the lesser offenses which I have already mentioned and concerning which I will instruct you further in a few moments."

The words principally assailed in the appellant's brief are "then you need not find him guilty of rape." It being the contention of the appellant that the court should have used instead of these words language to the effect that "it would be your duty to return a verdict of not guilty of the charge of rape." If the words assailed were standing alone there

would be more force to the exception, but when they are read in connection with the rest of the charge, as they must be, we find no error therein.

The court was charging the jury as to the different verdicts they could render, namely, guilty of rape as charged in the bill of indictment, guilty of an assault with intent to commit rape, guilty of an assault upon a female, and not guilty. The instruction given in the charge is to the effect that if the jury should fail to find the defendant guilty of rape as charged in the bill of indictment then it would become their duty to consider the question of his guilt or innocence of the lesser offenses of an assault with intent to commit rape or an assault upon a female. Therefore, when the court used the words "and it would then become your duty to consider the question of his guilt or innocence upon one of the lesser offenses," it was tantamount to charging the jury that if the evidence failed to satisfy them beyond a reasonable doubt of the essential elements of rape, they would acquit the defendant of that charge, and any lack of positiveness that may have arisen, or any option that may have appeared to have been given by the phrase "you need not find him guilty of rape" was destroyed.

The instruction is clarified in slightly different language later on in the charge as follows: "If you find from the evidence and beyond a reasonable doubt that he had carnal knowledge, that is the defendant, had carnal knowledge of his daughter, Ola Dean Vicks, forcibly and against her will as already defined to you by the court it would be your duty to return a verdict of guilty of rape as charged. If you do not so find and have a reasonable doubt about it then you should not convict him of rape, but you should then consider the question as to whether he is guilty of any lesser offense, and if you come to consider his guilt or innocence of some lesser offense then you should determine whether he is guilty of an assault with intent to commit rape or not."

When the whole charge is considered contextually it is definite and leaves the jury no option to convict the defendant of rape if the evidence failed to satisfy them beyond a reasonable doubt of each of the essential elements of the offense. The charge must be considered contextually. *S. v. Manning,* 221 N. C., 70, 18 S. E. (2d), 821; *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Meares,* 222 N. C., 436, 23 S. E. (2d), 311; *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Grass, ante,* 31, 25 S. E. (2d), 193; *S. v. Utley, ante,* 39, 25 S. E. (2d), 195.

The exception of the defendant to the court's permitting the solicitor to cross-examine a State's witness is untenable, such permission being vested in the sound discretion of the court, *In re Will of Williams,* 215 N. C., 259, 1 S. E. (2d), 857; and for the further reason that such testimony was ultimately withdrawn from consideration of the jury by the court, *S. v. Stewart,* 189 N. C., 340, 127 S. E., 260.

The exception that the court failed in its general charge to instruct the jury not to consider the withdrawn testimony is untenable for the reason that the court definitely instructed the jury at the time of the withdrawal of the testimony not to consider it. "We cannot assume that the jury disobeyed the court's instruction and considered the evidence, but we must presume the contrary, unless prejudice appears or is shown by the appellant in some way. The burden is on him to prove it." *S. v. Lane,* 166 N. C., 333, 81 S. E., 620.

The exceptions addressed to the denial of the defendant's motion to dismiss the action and for a judgment of nonsuit and not guilty, C. S., 4643, are obviously untenable, since the testimony of the prosecutrix alone was sufficient to carry the case to the jury. The credibility and weight thereof was for the jury not the court.

We have given the case the careful consideration which the gravity of its result demands, and upon the record we find

No error.