## STATE v. WILLIE SMITH.

(Filed 13 October, 1943.)

**1. Evidence § 36—**

It is proper for the court to allow a witness, solely for the purpose of refreshing his memory, to examine a record or statement (1) prepared by him; (2) prepared under his supervision; or (3) made by another in his presence.

**2. Evidence § 51—**

The competency of a witness as an expert is properly addressed to the sound discretion of the trial judge.

**3. Evidence § 48a—**

In a prosecution for homicide, where a witness is tendered by the State and found by the court to be an expert in chemistry and toxicology, and the witness testifies that an analysis made by him of stains, on the clothing worn by the defendant on the night of the murder, showed the presence of human blood, an exception thereto, on the ground that the witness is not an expert hematologist, cannot be sustained.

**4. Homicide § 14—**

A bill of indictment, drawn in the statutory form as required by C. S., 4614, includes the charge of murder committed in the perpetration of a robbery, without a specific allegation or count to that effect.

**5. Same—**

C. S., 4200, does not require an allegation or count to be contained in the bill of indictment as to the means used in committing the murder. The statute only classifies the crime as to degree and punishment in the manner therein set forth.

**6. Homicide § 27h—**

Where all the evidence tends to show that the murder was committed in the perpetration of a robbery, the trial court is not required to instruct the jury on defendant's guilt of a lesser degree of the crime.

**7. Appeal and Error § 29—**

Exceptions not argued or referred to in appellant's brief are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562.

APPEAL by defendant from *Parker, J.,* at May Term, 1943, of WARREN.

Criminal prosecution tried upon indictment charging defendant with the murder of one Vernon Powell.

The evidence discloses that Vernon Powell was killed in his place of business in the town of Warrenton, shortly before midnight on 31 December, 1942. The defendant was seen in the place of business of the deceased, by J. W. Scott, chief of police of the town of Warrenton, a few minutes before the body of the deceased was found. Death was caused by two compound fractures of the skull induced by the use of an axe. There was evidence that the motive for the killing was robbery.

Verdict: "Guilty in the first degree of murder."

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Julius Banzet for defendant.*

DENNY, J. The evidence against the defendant, other than certain confessions, was circumstantial. The circumstantial evidence tended to establish the identification of money of the deceased traced to the possession of the defendant; blood stains on the clothing defendant was wearing on the night of the murder; that defendant was the last person seen with deceased and was seen immediately after the murder running away from the scene; and possession by defendant on 1 January, 1943, of a pistol previously in the possession of the deceased.

The defendant excepts to the ruling of the trial judge in allowing L. W. Tappan, a Special Agent for the State Bureau of Investigation, to read a written report for the purpose of refreshing his recollection as to statements made by the defendant to the witness. The report was dictated by the witness from notes taken by him during a conversation with the defendant on 25 January, 1943. The court permitted the witness to use the report solely for the purpose of refreshing his recollection.

We do not think the ruling of his Honor violative of the decisions of this Court upholding instances where a witness, solely for the purpose of refreshing his memory, has been permitted to examine a record or statement (1) prepared by him; (2) prepared under his supervision; or (3) made by another in his presence. In the case of *S. v. Finley,* 118 N. C., 1161, 24 S. E., 495, the State offered to prove by a witness who was present at the taking of a deposition, the statements of the deceased made at that time as dying declarations. The Court held: "The statements beyond question were admissible as the dying declarations of the deceased. *S. v. Mills,* 91 N. C., 581. His Honor allowed against the objection of

defendant Finley, the witness to read over the deposition of the deceased, taken in the witness' presence, that he might refresh his memory in reference to the matter. The objection was properly overruled. It was not necessary under the circumstances that the witness should have written the paper himself in order that he might read it to refresh his memory. Greenleaf's Ev., section 436; *S. v. Staton,* 114 N. C., 813." *S. v. Teachey,* 138 N. C., 587, 50 S. E., 232; *Spaugh v. Penn,* 174 N. C., 774; 93 S. E., 693; *Story v. Stokes,* 178 N. C., 409, 100 S. E., 689; *S. v. Coffey,* 210 N. C., 561, 187 S. E., 754; *Rosenmann v. Belk-Williams Co.,* 191 N. C., 493, 132 S. E., 282. The memorandum is not the evidence. The evidence is the present recollection of the witness after refreshing his memory by referring to the memorandum. An exhaustive annotation on this subject will be found in 125 A. L. R., 19, *et seq.*

Dr. Haywood M. Taylor, Assistant and Associate Professor of Chemistry and Toxicology since 1930, in Duke University, was tendered by the State and found by the court to be an expert in chemistry and toxicology. The purpose in using the expert testimony of Dr. Taylor was to show that an analysis made by him of certain stains on the coat and trousers worn by the defendant on the night of the murder, showed the presence of human blood. The defendant does not object to the ruling of the court in holding the witness to be an expert in chemistry and toxicology, but enters an exception on the ground that the witness is not an expert hematologist. The exception cannot be sustained. The qualifying examination clearly shows Dr. Taylor competent to testify as an expert in chemistry as to his findings and analysis made by him of the stains found on defendant's clothing. Moreover, the competency of a witness as an expert is properly addressed to the sound discretion of the trial judge and ordinarily is not reviewable. *S. v. Smith,* 221 N. C., 278, 20 S. E. (2d), 313; *S. v. Smoak,* 213 N. C., 79, 195 S. E., 72; *Hardy v. Dahl,* 210 N. C., 530, 187 S. E., 788; *S. v. Gray,* 180 N. C., 697, 104 S. E., 647; *Geer v. Durham Water Co.,* 127 N. C., 349, 37 S. E., 474; *Flynt v. Bodenhamer,* 80 N. C., 205. Furthermore, after the qualifying examination of the witness by counsel for defendant, no objection was made to the testimony of Dr. Taylor and no motion made to strike out his testimony as being incompetent.

The bill of indictment upon which the defendant was tried contains the essential elements as required by C. S., 4614. The bill contains no allegation or count to the effect that the homicide was committed in the perpetration of a robbery. For this reason the defendant excepts to the refusal of the court to instruct the jury as follows: "The court charges you that in this case the defendant, Willie Smith, is charged in the bill of indictment with the murder of Vernon Powell with premeditation and deliberation and malice aforethought; that the indictment does not charge

that the said defendant murdered the said Vernon Powell in the perpetration of a robbery. The evidence in this case tends to show that the said Vernon Powell was murdered by some person or persons in the perpetration of a robbery. You, therefore, cannot find this defendant guilty as charged in the bill of indictment." The exception is untenable. Every averment necessary to be made is contained in the bill of indictment. *S. v. Miller,* 219 N. C., 514, 14 S. E. (2d), 522; *S. v. Fogleman,* 204 N. C., 401, 168 S. E., 536; *S. v. Logan,* 161 N. C., 235, 76 S. E., 1.

C. S., 4200, provides that "A murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree and shall be punished with death. . . ." This statute, however, does not require an allegation or count to be contained in the bill of indictment as to the means used in committing the murder. The statute only classifies the crime as to degree and punishment when committed in the manner therein set forth.

The very interesting question presented in the case of *S. v. Watkins,* 200 N. C., 692, 158 S. E., 393, and discussed by *Stacy, C. J.,* in a concurring opinion *quœre de dubiis,* is not presented here. There can be no doubt but that the charge of murder committed in the perpetration of a robbery is included in a bill of indictment drawn in the statutory form, as required by C. S., 4614. *S. v. Fogleman, supra; S. v. Donnell,* 202 N. C., 782, 164 S. E., 352.

The eighth exception is to the refusal of the court to give the jury the following instruction: "If the jury should find from the evidence and beyond a reasonable doubt that the defendant killed Vernon Powell with an axe, nothing else appearing, it will be your duty to find the defendant guilty of murder in the second degree." His Honor's ruling was correct. This identical question has been passed upon many times by this Court. See *S. v. Miller, supra,* and the cases cited therein, and *S. v. Manning,* 221 N. C., 70, 18 S. E. (2d), 821.

The remaining exceptions set out in the record are not argued or referred to in defendant's brief. These exceptions are therefore deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562.

In the trial below, we find

No error.