### STATE v. TOM BULLINS.

(Filed 27 February, 1946.)

**1. Rape § 19e—**

In a prosecution under G. S., 14-26, the repeated use of the term "statutory rape" in the charge will not be held for prejudicial error when the charge contains a correct definition, and properly places the burden of proof on the State, as to each essential element of the offense.

**2. Criminal Law § 81c—**

To prevail on appeal the appellant not only must show error, he must show the error was prejudicial, and that but for the error a different result would likely have been reached.

**3. Criminal Law § 53h—**

The charge of the court must be read contextually.

STATE v. BULLINS.

**4. Criminal Law § 53e—**

    The court stated the State's evidence as to the date of birth of prosecutrix and continued "so in the year 1944 she was something over 14 years of age in the month of September, at which time she testified . . ." *Held:* In using the adverb "so" the court simply stated the mathematical effect of the State's evidence, and read contextually the charge contains no statement of opinion as to whether any fact was fully or sufficiently proven.

**5. Infants § 18—**

    In a prosecution under G. S., 110-39, a charge to the effect that defendant would be guilty if he encouraged, aided and abetted the prosecuting witness "in moral delinquency" *is held* for error, since the statute uses the term "to be adjudged a delinquent" and the two terms are not synonymous.

APPEAL by defendant from *Pless, J.,* at October Term, 1945, of ROCKINGHAM.

The defendant was charged in one bill of indictment with having unlawfully, willfully and feloniously carnally known and abused Faye Green, a female child over the age of twelve and under the age of sixteen years, she having never before had sexual intercourse with any person (G. S., 14-26), and in another bill of indictment with having unlawfully, willfully and knowingly encouraged, aided, connived at, promoted and contributed to the delinquency of a minor child, to wit: Faye Green, a female under the age of sixteen, she having been adjudged a delinquent, he, the said Tom Bullins, on and before said act, having enticed said child away from home and school, and having had sexual intercourse with said child, and having associated with said child for immoral purposes (G. S., 110-39). The two cases were, upon motion of the Solicitor, consolidated for the purpose of trial.

The jury returned a verdict of guilty on each bill of indictment, and, upon judgment predicated on the verdict being pronounced in each case, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Price & Osborne and Sharp & Sharp for defendant, appellant.*

SCHENCK, J. The first assignments of error discussed in the appellant's brief, five in number, are grouped and discussed together, and relate to his Honor's reference in his charge to the offense against which the statute (G. S., 14-26) inveighs as "what we speak of as statutory rape," "or what we call statutory rape," "elements of statutory rape," "guilty of statutory rape," and "the charge of statutory rape." While it is true his Honor used the term "statutory rape" in presenting to the

jury the law governing the charge on the bill of indictment of having had unlawful and felonious carnal knowledge of a female over the age of twelve and under the age of sixteen years, who had not thereto had sexual intercourse with any other person, the offense charged in the bill and against which the statute (G. S., 14-26) inveighs was properly defined by the court, the burden of establishing the essential elements of the offense was properly placed upon the State, and each essential element of such offense was properly presented to the jury. Therefore, the use of the term "statutory rape," if error, was harmless error, since the offense against which the statute inveighs was properly charged in the bill, and properly explained in the charge; in truth, any error committed would seem to be favorable to the defendant. The jury could not have been misled by the name given the offense by the court, though not accurate. To prevail on appeal the appellant not only must show error, he must show the error was prejudicial, and that but for the error a different result would likely have been reached. *S. v. Harris,* 204 N. C., 422, 168 S. E., 498; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

The second assignment of error discussed in appellant's brief is Assignment No. 6, which is directed to that part of the court's charge as follows: "So in the year 1944, she was something over 14 years of age in the month of September, at which time she testified that the defendant, who also lived on the same farm on which her people lived, induced her to have sexual intercourse with him; and that following that first association in that way she had intercourse with him on frequent occasions—almost every day, as she described it, her evidence tending to show that in January she pretended to get a job and that her father drove her to Mayodan and Madison and that she worked only a day or two but would meet the defendant and that they would frequently go on trips to a place across the Virginia line, near Martinsville, and to other places." It is the contention of the defendant that the court gave an opinion that a fact was fully and sufficiently proven, namely, that the prosecutrix was 14 years old at the time of her first intercourse with the defendant. We do not concur in the interpretation the defendant seeks to have placed upon the excerpt quoted. All that we gather from said excerpt is that his Honor, in using the adverb "so," simply stated in effect that according to the evidence the prosecuting witness was born in March, 1930, and that her intercourse occurred in September, 1944, and therefore, still according to the evidence, she was 14 years old when the first intercourse occurred. The deduction of the fact, made by the court, that from March, 1930, to September, 1944 (the two dates mentioned in the evidence) was 14 years was not an expression of an opinion by the court of whether a fact was fully or sufficiently proven, but simply a statement of the evidence, to which no objection was made at the time. The charge

must be read contextually and when the excerpt assailed is read in connection with the preceding words ". . . the State in this case has offered the testimony of Faye Green, who testified she was born on March 22, 1930; and her mother also testified as to the date of birth," there was no expression of opinion by the court as to any fact being fully or sufficiently proven. This assignment of error cannot be sustained.

Assignment of error No. 9, which is set out in the defendant's brief, relates to a portion of his Honor's charge upon the offense against which the statute, G. S., 110-39, inveighs and reads as follows: "Now, on the charge of contributing to delinquency of a minor the State must satisfy you beyond a reasonable doubt that the defendant assisted, encouraged, aided and abetted the prosecuting witness Faye Green, in moral delinquency, which in this instance means in lascivious and promiscuous sexual intercourse with men, she being a minor under the age of 16 at the time." We are constrained to hold that this charge was erroneous. The statute (G. S., 110-39) in its first clauses is directed at "a parent, guardian or other person having custody of a child who omits to exercise reasonable diligence in the care, protection and control of such child, causing it to be adjudged delinquent . . . ," and in its latter clauses is directed at "any such person or any other person who knowingly or willfully is responsible for . . . or who knowingly and willfully does any act to produce . . . the condition which caused such child to be adjudged delinquent . . . shall be guilty of a misdemeanor." In his charge his Honor states that the State must establish beyond a reasonable doubt that the defendant aided and abetted the prosecuting witness, Faye Green, in moral delinquency, "which in this instance means lascivious and promiscuous sexual intercourse with men, she being a minor under the age of 16 at the time"; while the statute provides that "any other person" shall be guilty of a misdemeanor if he knowingly and willfully does any act to cause such child to be adjudged a delinquent. His Honor in effect assumed that the words "in moral delinquency" and "to be adjudged a delinquent" as used in the charge and in the statute, respectively, were synonymous. Such is not the case, and since the wording of the statute must govern it follows that the charge was erroneous. In delineating the essential elements of the statutory offense with which the defendant is charged the court failed to mention the burden resting upon the State to show beyond a reasonable doubt that the defendant knowingly and willfully did some act which caused such child to be adjudged a delinquent. This was error and entitles the defendant to a new trial on the charge of violating G. S., 110-39, under Exception No. 15, which is based upon G. S., 1-180, requiring the judge to declare and explain the law arising on the evidence.

In the case wherein the defendant was found guilty of the charge of violating G. S., 14-26, having carnal knowledge of a female over twelve and under sixteen years of age, she never before having had sexual intercourse, no prejudicial error appears on the record.

In case of charge of violating G. S., 110-39,

New trial.

In case of charge of violating G. S., 14-26,

Affirmed.