## STATE v. EUGENE EDWARDS AND ROY L. JOHNSON.

(Filed 5 November, 1947.)

**1. Criminal Law § 42c—**

The limits of legitimate cross-examination are largely within the discretion of the trial judge, and his ruling thereon will not be held for error in the absence of showing that the verdict was improperly influenced thereby.

**2. Criminal Law § 53d—**

Exceptions to the manner in which the court stated the testimony, not brought to the court's attention, cannot be sustained when it appears that the court, though it may not have used the exact language of the witnesses, fairly stated the substance of their testimony and no harm or prejudicial effect to defendant's cause is discernible.

**3. Criminal Law § 81c (2)—**

    Exceptions to the charge will not be sustained when the charge construed contextually is free from prejudicial error.

**4. Criminal Law § 81c (4)—**

    Where defendants are convicted on two separate charges, and the sentences thereon run concurrently, exception relating solely to the charge carrying the shorter sentence cannot be held prejudicial.

APPEAL by defendants from *Harris, J.,* at March Term, 1947, of WAKE. No error.

The defendants were charged with the larceny of an automobile, the property of Yellow Cab Company, and also with an assault with a deadly weapon with intent to kill upon the person of Jack Wilson.

By consent these cases were consolidated and tried together. The State's evidence tended to show that during a strike of taxicab drivers the defendants at night entered a taxicab driven by the witness Wilson and directed him to drive them to a certain street and number, and on arriving there assaulted him with a deadly weapon, and stole the taxicab. The cab was later found wrecked. The defendants denied guilt of these charges, and offered evidence tending to show that they were elsewhere at the time of the commission of the alleged offenses. The defendants were not strikers or taxi drivers. On cross-examination both defendants admitted they had been previously convicted of other criminal offenses.

There was verdict of guilty of larceny as charged and of assault with deadly weapon. Judgment was rendered sentencing them to not less than two nor more than four years in jail to be assigned to work under the State Highway and Public Works Commission in the larceny case, and in the assault case to two years in jail to be assigned to work under State Highway and Public Works Commission, the sentence in the assault case to run concurrently with the sentence in the larceny case.

The defendants appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Charles Aycock Poe for defendants.*

DEVIN, J. The defendants' assignment of error based upon the ruling of the trial court in permitting extended cross-examination of the defendants and their witnesses in the effort by the State to impeach the accuracy and credibility of their testimony, cannot be sustained. The limits of legitimate cross-examination are largely within the discretion of the trial judge, and his ruling thereon will not be held for error in the absence of showing that the verdict was improperly influenced thereby.

*S. v. Stone,* 226 N. C., 97, 36 S. E. (2d), 704; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

The defendants excepted to the court's charge to the jury in that in several particulars pointed out the court misstated the evidence. But a comparison of the language and expressions used by the court in stating the evidence, of which defendants now complain, with the testimony of the witnesses as shown by the record, reveals that there was no material variance between the two. While the exact language of the witnesses may not have been used, the substance of their testimony seems to have been fairly stated to the jury, and no harm to the defendants' cause or prejudicial effect is discernible. Nor was the court's attention called to any incorrect reference to the evidence. The other portions of the charge excepted to, when considered in connection with the entire charge, do not show prejudicial error. *S. v. Sterling,* 200 N. C., 18 (23), 156 S. E., 96.

The defendants' exception to the failure of the court properly to declare and apply the law relating to the charge of assault with a deadly weapon, cannot avail the defendants on this record, since it appears that the defendants were convicted of the larceny of an automobile, in the perpetration of which the assault was alleged to have been committed, and were sentenced for terms of two to four years, while the sentences for assault were for two years, to run concurrently with the sentences in the larceny case. Thus, no additional punishment was imposed nor other injury sustained by the defendants growing out of the indictment for assault with deadly weapon. *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Graham,* 224 N. C., 347, 30 S. E. (2d), 151; *S. v. Weinstein,* 224 N. C., 645, 31 S. E. (2d), 920.

There was no motion for judgment of nonsuit. The State's evidence was sufficient to sustain the verdict and judgment. In the trial we find

No error.