## STATE v. FRED PEACOCK.

(Filed 22 August, 1952.)

**1. Intoxicating Liquor § 9d—**

Direct evidence by two witnesses that they purchased one-half gallon of nontax-paid liquor from defendant is sufficient to take the case to the jury in a prosecution for unlawful possession and possession for the purpose of sale.

**2. Criminal Law § 42h—**

A witness may use notes made by him, or in his presence or under his direction, for the purpose of refreshing his memory. In the instant case objection that the witness read his notes to the jury rather than used them to refresh his memory *held* not supported by the record.

**3. Same—**

While notes used by a witness to refresh his memory should be available to the opposing counsel for the purpose of cross-examining the witness relative thereto, it is incumbent upon counsel to request an examination of the notes or make some other effort to make them available.

**4. Criminal Law § 42c—**

Whether a party should be allowed to cross-examine a witness relative to a collateral matter not contained in the witness' examination in chief

rests in the sound discretion of the presiding judge, and the court's ruling thereon will not be disturbed in the absence of abuse of discretion.

**5. Intoxicating Liquor § 9c—**

The admission of testimony of an officer that he had on previous occasions examined defendant's premises for the purpose of discovering intoxicating liquor will not be held prejudicial when on cross-examination it is disclosed that no liquor was found on such occasions and that defendant was exonerated by a jury of all charges growing out of such previous examinations, since the testimony is more favorable to defendant than to the State.

**6. Criminal Law § 78e (1)—**

An exception to the entire charge is ineffectual as a broadside exception.

**7. Criminal Law § 81c (2)—**

An exception to the charge will not be sustained when the charge is without reversible error when construed contextually.

ERVIN, J., dissenting.

APPEAL by defendant from *Sharp, Special Judge,* and a jury, December 1951 Criminal Term, JOHNSTON.

Criminal prosecution upon an indictment charging defendant with the unlawful possession and possession for the purpose of sale of one-half gallon of nontax-paid whiskey.

On 7 October, 1951, at about 11:30 a.m., two officers of the State Alcoholic Beverage Control Board went to the defendant's place of business and called for the defendant. When he appeared, they made known to him their desire to procure some liquor. Arrangements were made with the defendant for the purchase of a half gallon jar of liquor at the price of $5.00. To complete the purchase, one of the officers gave defendant a $10.00 bill and received $5.00 in change. The officers inquired about the quality of the liquor and were told that it was as good as could be bought anywhere. Defendant gave instructions to another man, who went in the direction of defendant's tobacco barn and returned with a half gallon jar of liquor and delivered it to the officers. Defendant did not actually hand the liquor to either of the agents, but was in the immediate vicinity when the delivery was made. The officers made plans with defendant for a later purchase of a case of liquor (12 jars) at the price of $22.00 or $30.00.

Both officers testified using, over defendant's objection, notes made by one of them in the presence of the other immediately after the purchase of the liquor. Defendant also complained that he was not permitted to cross-examine the witnesses with respect to the notes.

A former deputy sheriff testified that he had on previous occasions searched defendant's premises for liquor. However, on cross-examination it was developed that defendant was exonerated from any criminal offense

growing out of the searches so made. The examination of this witness accounted for ten of defendant's exceptions.

The defendant offered no evidence.

From an adverse verdict and sentence, defendant appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert B. Broughton, Member of Staff, for the State.*

*Shepard & Wood and Albert A. Corbett for defendant, appellant.*

VALENTINE, J. There was direct evidence by two witnesses that they purchased one-half gallon of nontax-paid liquor from the defendant. This evidence was abundantly sufficient to repel defendant's motion for judgment as of nonsuit and to take the case to the jury. *S. v. Hart,* 116 N.C. 976, 20 S.E. 1014; *S. v. Utley,* 126 N.C. 997, 35 S.E. 428; *S. v. Carlson,* 171 N.C. 818, 89 S.E. 30; *S. v. Oakley,* 176 N.C. 755, 97 S.E. 616; *S. v. Sigmon,* 190 N.C. 684, 130 S.E. 854.

This brings us directly to a consideration of defendant's other exceptive assignments of error.

Defendant objected to the use of notes and memoranda by the two officers, claiming that the witnesses were reading the notes to the jury and not using them for the purpose of refreshing their memories, and further that the notes and memoranda were not offered in evidence. While there is some justification for this contention, on the whole record it fairly appears that each of the witnesses was using the notes for the purpose of calling to mind all the details surrounding the purchase of the liquor. The use of notes to quicken the memory is well recognized procedure in this jurisdiction, if the memorandum is one which had been made by the witness, or in his presence, or under his direction. *Story v. Stokes,* 178 N.C. 409, 100 S.E. 689; *S. v. Coffey,* 210 N.C. 561, 187 S.E. 754; *S. v. Smith,* 223 N.C. 457, 27 S.E. 2d 114. Under certain circumstances, even notes of the testimony of a witness given at a former trial may be read to him for the purpose of refreshing his memory. *S. v. Smith, supra.* "It is quite immaterial by what means the memory is quickened; it may be a song, or a face, or a newspaper item, or a writing of some character. It is sufficient that by some mental operation, however, mysterious, the memory is stimulated to recall the event, for when so set in motion it functions quite independently of the actuating cause." *Jewett v. U. S.,* 15 F. 2d 955 (1926).

It is customary for such notes to be made available to the opposing counsel so that he may examine and cross-examine relative thereto, but in this case the record fails to disclose any effort on the part of defendant to obtain the notes or to use them in cross-examination. In the absence

of a request for an examination of the notes or some other effort to make them available, defendant's exceptions based upon this phase of the examination are without merit. *Manufacturing Co. v. R. R.,* 222 N.C. 330, 23 S.E. 2d 32; Stansbury, paragraph 32, page 48.

Defendant assigns as error the failure of the court to permit his cross-examination of a witness concerning his testimony before the grand jury and the court's refusal to allow his attorney to use the bill of indictment and the notation on the back thereof in his argument to the jury. The purpose of this effort was to impeach the witness. The examination in chief made no reference to the bill of indictment and since this cross-examination was manifestly for the purpose of impeachment, its method and duration rested in the sound discretion of the presiding judge, and in the absence of an abuse of discretion, this exception must also fail. *S. v. Beal,* 199 N.C. 278, 154 S.E. 604; *S. v. Stone,* 226 N.C. 97, 36 S.E. 2d 704; *S. v. Edwards,* 228 N.C. 153, 44 S.E. 2d 725.

Defendant strongly argues that reversible error was committed, when the court allowed a former deputy sheriff to give evidence of previous visits to and examination of defendant's premises for the purpose of discovering the presence of unlawful liquor. This examination disclosed no evidence of the presence of liquor on defendant's premises and the cross-examination revealed that defendant had been exonerated by a jury of all charges growing out of such previous examinations. The probative value of this evidence was more favorable to the defendant than to the State and an exception thereto is of no value. The defendant also complains that the court erred in failing to instruct the jury to disregard the evidence of this witness. Since this evidence was admitted by the court below and held competent upon this appeal, the defendant has no cause for complaint on this point.

The court's definition of "reasonable doubt" was in accord with the decisions of this Court. *S. v. Schoolfield,* 184 N.C. 721, 114 S.E. 466; *S. v. Palmore,* 189 N.C. 538, 127 S.E. 599; *S. v. Sigmon, supra; S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Flynn,* 230 N.C. 293, 52 S.E. 2d 791.

The defendant challenges this language of the charge: "When the State makes out a *prima facie* case the defendant must then decide whether he will take the risk of an adverse verdict on that evidence by relying on the weakness of the State's case, or whether he will go forward with evidence and attempt to explain away the evidence against him." While the latter part of this excerpt may be subject to criticism, it does not appear harmful when considered contextually with the charge as a whole. *S. v. Shackleford,* 232 N.C. 299, 59 S.E. 2d 825; *S. v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871; *S. v. Brannon,* 234 N.C. 474, 67 S.E. 2d 633.

In this connection, it should be pointed out that the State offered direct and specific testimony that the liquor in question was of the nontax-paid variety, the possession or sale of which is unlawful irrespective of the markings or lack of markings on the container in which it is found. This was sufficient to take the case to the jury and support a verdict irrespective of the application of the *prima facie* rule.

The appellant not only has the duty of showing error, but he must show that the error adversely affected a substantial right of his (*Trust Co. v. Parker,* 235 N.C. 326; *S. v. Birchfield,* 235 N.C. 410; *Hodges v. Malone & Co.,* 235 N.C. 512), and that a new trial would probably result in a different verdict. *S. v. Bullins,* 226 N.C. 142, 36 S.E. 2d 915; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 704; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604.

The defendant also assigns as error "that the court failed in its charge to the jury to state in a plain and correct manner the evidence given in the case and explain the law thereon as required by G.S. 1-180." Here, defendant failed to point out any particular respect in which the charge failed to comply with the statute, and for that reason this exception is regarded as a broadside, too general to merit consideration. *S. v. Britt,* 225 N.C. 364, 34 S.E. 2d 408; *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921. This is true notwithstanding the fact that defendant in his brief undertakes to particularize the manner in which the charge had failed. In such matters, the record and not the defendant's brief governs the application of the rule. However, when considered contextually, the charge is without reversible error. *S. v. Manning,* 221 N.C. 70, 18 S.E. 2d 821; *S. v. Smith,* 221 N.C. 400, 20 S.E. 2d 360; *S. v. Meares,* 222 N.C. 436, 23 S.E. 2d 311; *S. v. Hairston,* 222 N.C. 455, 23 S.E. 2d 885; *S. v. Vicks,* 223 N.C. 384, 26 S.E. 2d 873.

The undisputed evidence is that the defendant sold liquor and received the benefits, even though he used another medium for the transportation of the liquor from its place of hiding to the hands of the witness.

We have examined all assignments of error appearing in the record and in them find no reversible error. On the whole record, it appears that the case was fairly tried in substantial compliance with the applicable rules of law.

No error.

ERVIN, J., dissenting: In my judgment, the receipt of the testimony that law enforcement officers had previously searched the premises of the accused for liquor constituted prejudicial error, warranting a new trial. This testimony had a tendency to produce in the minds of the jurors the conviction that the accused was an habitual violator of the prohibition laws, who had managed in times past to escape the just retribution of the law.