H. C. McEVONY v. DAVID ROWLAND.

FILED DECEMBER 5, 1894.    No. 5923.

| 43 | 97 |
| 55 | 418 |

1. **Fraudulent Conveyances:** CONTRACTS BETWEEN RELATIVES: REPLEVIN: INSTRUCTIONS: EVIDENCE. A son sold a stock of merchandise to his father. A creditor of the son attached the goods and the father replevied the property. On the trial of the replevin action the court refused to instruct the jury: "The court instructs the jury that transactions between relatives whereby property is transferred from one to another in payment of alleged past due indebtedness, by reason of which creditors are deprived of their just dues, will be scrutinized very closely, and the good faith of such transactions must be clearly established." *Held*, That by the instruction the court was requested to direct the jury that the father was required to establish the good faith of the sale made to him by his son by more than a preponderance of the evidence, and that the court did not err in refusing to give the instruction. *Stevens v. Carson*, 30 Neb., 544, *Carson v. Stevens*, 40 Neb., 112, and *Brownell v. Stoddard*, 42 Neb., 177, followed and reaffirmed.

11

2. ———: ———: EVIDENCE. There was some conflict in the evidence and some suspicious circumstances in the transaction between the father and the son. The jury found the issues in favor of the father. *Held*, That the verdict was supported by the evidence.

ERROR from the district court of Holt county. Tried below before BARTOW, J.

*R. R. Dickson* and *Jacob Fawcett*, for plaintiff in error.

*M. F. Harrington*, contra.

RAGAN, C.

In December, 1890, the Rector-Wilhelmy Company brought suit in the district court of Holt county against M. T. Rowland and A. E. Rowland, and caused a writ of attachment to be issued and levied upon a stock of merchandise as the property of the latter. David Rowland, the father of M. T. Rowland and A. E. Rowland, then brought this action in replevin against H. C. McEvony, the sheriff of said county, claiming the ownership and possession of the goods attached by said sheriff. There was a trial to a jury, with a verdict and judgment in favor of David Rowland, and McEvony brings the case here, assigning the following errors:

1. The second and third errors assigned relate to the sufficiency of the evidence to sustain the verdict rendered, and the first error assigned is that the verdict is contrary to law. If the evidence sustains the verdict then it is not contrary to the law of the case. David Rowland claimed the property replevied under a sale thereof made to him by his son, A. E. Rowland. Whether this sale was an honest one and made for an honest purpose was the principal thing litigated in this action. The evidence, like the evidence in most cases of this kind, was conflicting, and there are in the evidence some suspicious circumstances, but the evidence sustains the verdict.

2. The fourth assignment of error is "errors of law occurring at the trial." This assignment is too indefinite for examination.

3. The fifth assignment of error is: "That the verdict is contrary to the instruction of the court given upon its own motion." As the charge of the district judge contains seven separate paragraphs or instructions, we are unable to determine at which one this assignment is aimed.

4. The sixth assignment of error is in the following language: "That the court erred in refusing to give instructions 1, 4, 6, 7, 8, and 9, asked by the plaintiff in error." The first of these instructions refused was as follows: "The court instructs the jury that transactions between relatives whereby property is transferred from one to another in payment of alleged past due indebtedness, by reason of which creditors are deprived of their just dues, will be scrutinized very closely, and the good faith of such transactions must be clearly established." *Stevens v. Carson*, 30 Neb., 544, was a suit between a wife and her husband's creditors. The district court instructed the jury as follows: "The jury are instructed that in a contest between the wife and the creditors of her husband in regard to property transferred to her by him there is a presumption against her which she must overcome by affirmative proof and prove beyond question." "The jury are instructed that in a contest between the wife and the creditors of her husband in regard to property transferred to her by him there is a presumption against her which she must overcome by affirmative proof and prove beyond question the *bona fides* of said sale." These instructions were held by this court to be erroneous, as they required the wife to show the good faith of the transaction between herself and husband beyond a reasonable doubt. NORVAL, J., speaking for the court, said: "Where a debtor transfers property to his wife and such transfer is contested by the creditors of the husband, the presumption is against the *bona fides* of

the transaction, and the law places the burden upon the wife to show that the sale was not made to defraud the creditors of the husband; but she is not required to satisfy the jury in such a case beyond question that the sale was an honest one. A preponderance of the evidence is all that is required." To the same effect see *Carson v. Stevens*, 40 Neb., 112; *Brownell v. Stoddard*, 42 Neb., 177. Now the word "clearly" means without uncertainty; and in the case at bar the court was asked to instruct the jury, not only that the transaction between David Rowland and his son should be closely scrutinized, and that the burden of proof was on David Rowland to establish the good faith of the transaction between himself and son by a preponderance of the evidence, but that the good faith of the transaction between David Rowland and his son must be made to appear without uncertainty. This was more than the law required. The burden was on David Rowland to establish by a preponderance of the evidence that the sale to him from his son was made in good faith, for a valuable consideration, and without intent to hinder, delay, or defraud the son's creditors; but David Rowland was not obliged to establish these facts, or either or any of them, clearly, without uncertainty, beyond question or beyond a reasonable doubt. The court did not err in refusing to give the instruction, and as the assignment is to all the instructions, or the court's refusal to give them all, it must be overruled.

5. The seventh assignment is in the following language: "That the verdict is contrary to instructions numbered 2, 3, and 5, given by the court at the request of the plaintiff in error." The substance of these instructions is that the law presumes every sale of personal property to be fraudulent and void as against creditors of the seller, unless a change of the possession of the property follows the sale; that the burden of proof was on David Rowland to show that the transaction between him and his son, A. E. Rowland, was one had in good faith, and to establish that fact

by a preponderance of the evidence; that the jury was to determine from all the surrounding circumstances in evidence whether the change of possession from A. E. Rowland to David Rowland was an actual, real, and continued change or a shift or pretense. The issues of fact submitted by these instructions were resolved by the jury in favor of David Rowland, and we cannot say that the finding of the jury is in any respect contrary to these instructions or any of them.

6. The eighth assignment of error is in the following language : "That the court erred in giving instruction No. 5, given by the court upon its own motion." The plaintiff in error took no exception to the giving of this instruction, and for that reason we cannot review the assignment.

7. The ninth assignment of error is : "That the court erred in giving instructions numbered 1, 2, 3, and 4, given by the court at the request of David Rowland." The second of these instructions was as follows: "If you find for the plaintiff in this case, you will also find by your verdict the value of the property taken by the defendant sheriff, and the measure of plaintiff's recovery will be the value of the goods with interest thereon at the rate of seven per cent per annum from December 20, 1890." As the court did not err in giving this instruction, and as the assignment is to all the instructions *en masse*, it must be overruled.

8. The tenth and eleventh assignments of error are that the damages are excessive, and that the court erred in not granting the plaintiff in error a new trial on the ground of newly-discovered evidence. Neither of these points is argued in the brief of counsel, and we therefore conclude that they are abandoned.

9. The final assignment of error is that the court erred in overruling McEvony's motion for a new trial. What has already been said disposes of this assignment.

There is no error in the record and the judgment of the district court is

AFFIRMED.