ELON BANKING & TRUST COMPANY v. J. W. BURKE.

(Filed 24 January, 1925.)

**1. Statutes—Rights and Remedies—Special Remedies.**

Where a statute creates a new right or liability and provides a special remedy for its enforcement, the remedy thus prescribed is exclusive, and actions or proceedings otherwise and ordinarily available may not be resorted to.

**2. Same—Banks and Banking—Corporation Commission—Assessments— Sale of Stock—Personal Judgments.**

Where the shareholders in a State bank have voted an assessment among themselves to make good a deficiency in its capital stock, at a meeting called for that purpose under the direction of the Corporation Commission, according to the amendment to our general banking laws of 1921, the statutory remedy provided where one of its stockholders fails

to pay the assessment against him is by the sale of his stock, and there being no other statutory remedy, a personal judgment in the bank's action may not be maintained. when the stock has failed to bring the amount of the assessment at the sale.

CIVIL ACTION heard on demurrer to complaint before *Cranmer, J.*, at September Term, 1924, of ALAMANCE.

The complaint and prayer for judgment are as follows:

The plaintiff, complaining of the defendant, alleges:

"1. That the plaintiff is a corporation duly organized and existing under the laws of the State of North Carolina, and having its principal place of business at Elon College, N. C., and that the defendant is a citizen and resident of Guilford County, N. C.

"2. That the plaintiff corporation is engaged in the banking business and is amenable to the banking laws of the State of North Carolina.

"3. That the defendant is a stockholder in said bank and is a holder of ten shares of the capital stock of said bank, each share being of the par value of $50.00. That said defendant has held said stock since the first day of July, 1919.

"4. That on the 1st day of November, 1923, the Corporation Commission of the State of North Carolina, ordered the officers and directors of the Elon Banking & Trust Co., to levy an assessment of 100 per cent on all stockholders for the purpose of strengthening the capital stock of said bank, which had become impaired by reason of a robbery and other losses; said assessment to be paid within 60 days from the date of said order and that in pursuance of said order, the plaintiff through its officers and agents, and stockholders, levied an assessment of 100 per cent upon all stockholders and this defendant was given notice of the order issued by the said Corporation Commission and demand was then made, and has been made at various times since then upon him to pay the 100 per cent assessment on his ten shares of stock but he has failed and refused to pay said assessment.

"5. That in accordance with chapter 56 of the Public Laws of North Carolina, the Extra Session of 1921, the stock of this defendant was canceled and sold to the highest bidder for cash at public auction, as required by the above statute and said stock when sold brought $10.00, leaving a balance due plaintiff by this defendant of $490.00.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $490.00 with interest thereon from the 1st day of January, 1924, for the cost of this action to be taxed by the clerk and for such other and further relief as the plaintiff is, in law and equity, entitled to receive."

Defendant demurred for that said complaint does not state a valid cause of action against defendant. Judgment overruling demurrer and giving defendant 30 days to answer. Defendant excepted and appealed.

*Carroll & Carroll for plaintiff.*
*Wharton & Koonts, Hines & Kelly for defendant.*

HOKE, C. J.   In chapter 56, Laws of 1921, Extra Session, our General Banking Act was amended in several respects, that contained in section 3 of said chapter being as follows:

"Section 3.   Add another section between twenty-five and twenty-six, to be marked 25a, as follows: 'The Corporation Commission shall notify every bank whose capital shall have become impaired from losses or any other cause and the surplus and undivided profits of such bank are insufficient to make good such impairment, to make the impairment good within sixty days of such notice by an assessment upon the stockholders thereof, and it shall be the duty of the officers and directors of the bank receiving such notice to immediately call a special meeting of the stockholders for the purpose of making an assessment upon its stockholders sufficient to cover the impairment of the capital, payable in cash, at which meeting such assessment shall be made: *Provided,* that such bank may reduce its capital to the extent of the impairment, as provided in chapter four, section eleven, Public Laws one thousand nine hundred and twenty-one.

" 'If any stockholder of such bank neglects or refuses to pay such assessment as herein provided, it shall be the duty of the board of directors to cause a sufficient amount of the capital stock of such stockholder or stockholders to be sold at public auction, upon thirty days notice given by posting such notice of sale in the office of the bank and by publishing such notice in a newspaper in the place where the bank is located, and if none therein, a newspaper circulating in the county in which the bank is located, to make good the deficiency, and the balance, if any, shall be returned to the delinquent shareholder or shareholders.

" 'If any such bank shall fail to cause to be paid in such deficiency in its capital stock for three months after receiving such notice from the Corporation Commission, the Corporation Commission may forthwith take possession of the property and business of such bank until its affairs be finally liquidated as provided by law.

" 'A sale of stock, as provided in this section, shall effect an absolute cancellation of the outstanding certificate or certificates evidencing the stock so sold, and shall make the certificate null and void, and a new certificate shall be issued by the bank to the purchaser of such stock.' "

And the question presented on the record is whether the assessment made pursuant to this amendment and for the purposes therein contemplated will in any event constitute a personal liability of the stockholder or is the remedy restricted to a sale of the holder's stock as

therein directed. A perusal of the amendment will disclose that in so far as same confers upon the bank the power to make the assessment, its provisions are substantially similar to that provided in the National Banking Act, 6 Federal Statutes, Annotated, sec. 5205, designed principally for the strengthening of banks whose capital has become impaired, and the Federal cases construing the latter act are to the effect that no personal liability is contemplated or provided for. These decisions proceed upon the principle very generally accepted, that where a statute creates a new right or liability and provides a special remedy for its enforcement such remedy is to be regarded as exclusive and actions or proceedings ordinarily available may not be resorted to. *Fourth National Bank v. Francklyn,* 120 U. S., p. 747; *Pollard v. Bailey,* 87 U. S. (20 Wallace's), p. 520; *Hulitt v. Bell,* 85 Fed., p. 98. Our own decisions are in full recognition of the principle. *S. v. R. R.,* 145 N. C., pp. 495-529, and authorities cited, and their proper application to the amendment justify and require the interpretation that a bank acting under its provisions may only proceed by sale of the stock and that a personal action to enforce collection is not allowed.

We are not inadvertent to the expression in the amendment that the assessment is "payable in cash," but to our minds that merely means that the amount is presently due, and its payment may be presently enforced, but only by the methods the statute specifies, to wit, a sale of the stock.

As to both the State and Federal statutes, the true position, we think, is very well stated in 7 C. J., p. 768, as follows:

"The statute provides for an assessment on the stockholders in case of an impairment of capital, and for proceeding to collect such assessment from delinquent stockholders. Such an assessment must be made by the stockholders themselves, and an assessment by the directors without action by the stockholders is void. If a stockholder will not comply, enough of his stock to pay the assessment may be sold, but no action will lie against the stockholder personally on such assessments."

It may be well to note that in the case of *Taylor v. Everett,* 188 N. C., p. 247, where the subject in some of its aspects was very learnedly discussed by *Associate Justice Connor,* and in which a recovery as on a personal liability was upheld, the decision was made to rest on the mutual and express agreement of the defendants to that effect, and the question of personal liability as imposed by the statute was not passed upon or determined.

It is suggested that in *Smathers v. Bank,* 135 N. C., pp. 410-418, this Court has held that the Legislature may not impose an additional liability of this kind on stockholders in behalf of existent creditors. A recurrence to that opinion, however, will disclose that the Court did

not, and did not intend to, pass on the extent of the legislative power under its reserved right of amendment in our Constitution to impose burdens of this character, but only said that the act there in question should be so construed as to give only a prospective effect. The matter is not further pursued, nor is it determined, for the reason that the suit here is not primarily for the benefit of creditors, nor are they directly before the Court. On the contrary, it appears that such an assessment can only be made by the bank itself and for its benefit, on authority given by a vote of the stockholders; apparently, it is a conditional privilege, extended by the Corporation Commission to banks whose solvency is threatened, but whose assets afford reasonable promise of recovery, and to be carried out according to the terms and requirements of the law. Thus an assessment must be made within sixty days, and, as stated, it is to be presently due. By one of the later clauses of the amendment it is provided, in effect, that if any such bank shall fail to cause to be paid in the deficiency for three months after the notice given, the Corporation Commission shall take possession of the property and business until its affairs are liquidated.

In *Delano v. Butler,* 118 U. S., p. 634, the United States Supreme Court, construing the Federal statute, has said that it is in addition to and entirely distinct from the stockholders' liability to creditors, as in case of insolvency; and it would seem, from a consideration of the amendment in connection with the provisions of the general law, that if the deficiency is not paid in three months, as required, that in some instances the entire scheme might well be held to have failed and the affairs of the bank wound up, as on an original case of insolvency. Such a result may have been in effect attained by a decision of the Supreme Court of Georgia involving a construction of the Federal statute referred to, and wherein it was held, on a sale of stockholder's entire stock to pay such an assessment, it must bring the full amount of the assessment, or the sale is void. *Bank v. Fouche,* 103 Ga., p. 851. These suggestions, while to some extent involved in the inquiry, are not, as stated, definitely determined upon, and are here only referred to and approved in so far as pertinent, and as they may help to a proper apprehension of the question directly presented, to wit, the right of plaintiff to have personal judgment against defendant, a stockholder, on the assessment in the instant case for the amount of excess of the sum realized from the sale of his entire stock.

For the reasons heretofore given, we are of opinion that no such recovery can be had, and the judgment overruling the demurrer must be
    Reversed.