STATE v. ED JENKINS.

(Filed 20 November, 1935.)

**Criminal Law B a—Inability to distinguish right from wrong, and not low mentality, is the legal test of insanity.**

The test of mental irresponsibility sufficient to render defendant incapable of the commission of crime is the inability to distinguish right from wrong, and the exclusion of testimony that defendant is of low mentality is not error, low mentality not being the test of insanity.

APPEAL by defendant from *Warlick, J.,* at July Term, 1935, of GASTON.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Paul Collins.

Verdict: Guilty of murder in the first degree.

Judgment: Death by inhaling lethal gas.

The defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*Ernest R. Warren for defendant.*

STACY, C. J. The evidence on behalf of the State tends to show that on the night of 4 July, 1935, the defendant shot and killed Paul Collins under circumstances which the jury found to be murder in the first degree. The shooting occurred on one of the principal streets in the town of Bessemer City. The defendant told the night policeman, who arrested him, "that he didn't want to shoot the deceased, but he made me do it." Later, on being informed by the same policeman that Collins was dead, the defendant said, "I am glad, I did a damn good job"; and, further, "there was an old grudge between me and Paul Collins and Doc Horsley over dope."

The pleas interposed by the defendant were self-defense and insanity or mental irresponsibility. Both of these pleas were rejected by the jury. The only testimony offered by the defendant to support his plea of insanity was that of several witnesses who would have testified, if permitted to do so, that the defendant was a man of low mentality. The exclusion of this evidence is the principal question presented by the appeal. There was no error in its exclusion. *S. v. Vernon, ante,* 340. Low mentality is not the test of insanity. *S. v. Spivey,* 132 N. C., 989, 43 S. E., 475. He who knows the right and still the wrong pursues is amenable to the criminal law. *S. v. Potts,* 100 N. C., 457, 6 S. E., 657. We are aware of the criticism of this standard by some psychiatrists and others. Nevertheless, the critics have offered nothing better. It has the merit of being well established, practical, and so plain "that he may run that readeth it." Hab. 2 :2.

The verdict and judgment will be upheld.

No error.