STATE v. JAMES McLEAN, ALIAS JACK McLEAN.

(Filed 29 November, 1944.)

**Burglary and Unlawful Breakings §§ 1b, 10—**

In a prosecution for burglary in the first degree, the jury has the right to render a verdict of guilty of burglary in the second degree, even though the jury may find facts sufficient to constitute first degree burglary, and failure of the judge to so instruct the jury is reversible error.

APPEAL by defendant from *Phillips, J.,* at August Term, 1944, of SCOTLAND.

Criminal prosecution tried upon indictment charging burglary in the first degree.

Verdict: Guilty of burglary in the first degree. Judgment: Death by asphyxiation. Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*W. H. Cox and Varser, McIntyre & Henry for defendant.*

DENNY, J.   The defendant excepts and assigns as error the following portion of his Honor's charge: "You may render one of three verdicts— first, guilty of burglary in the first degree as charged; second, guilty of a non-burglarious breaking and entry of the dwelling house of another as charged; third, not guilty."

The defendant contends that the trial judge committed error in failing to instruct the jury that they might return a verdict of guilty of burglary in the second degree if they deemed it proper so to do, even though the facts found by them be sufficient to constitute burglary in the first degree as defined by statute.   The defendant is relying upon the provisions of G. S., 15-171, formerly C. S., 4641, as amended by chapter 7, Public Laws 1941, which read as follows: "When the crime charged in the bill of indictment is burglary in the first degree the jury, upon the finding of facts sufficient to constitute burglary in the first degree as defined by statute, may elect to render a verdict of guilty of burglary in the second degree if they deem it proper so to do.   The judge in his charge shall so instruct the jury."

The above statute was amended after the decision in the case of S. v. Johnson, 218 N. C., 604, 12 S. E. (2d), 278, and we think it gives to the jury the right to render a verdict of guilty of burglary in the second degree when the crime charged in the bill of indictment is burglary in the first degree, even though the jury may find facts sufficient to constitute burglary in the first degree as defined by statute.   Therefore, in such cases a defendant is entitled as a matter of right, to have the jury instructed that it may elect to render a verdict of guilty of burglary in the second degree if they deem it proper so to do.   The exception is well taken and must be sustained.

We deem it unnecessary to discuss the other assignments of error, since they may not arise upon another trial.

For the reason stated, there must be a

New trial.