STATE v. HERMAN MATTHEWS AND CALVIN COOLIDGE WILLIAMS.

(Filed 30 October, 1946.)

**1. Criminal Law § 78d (1)—**

A motion to strike a question and answer is ineffectual to present the competency of the evidence for review when there is no prior objection to the question and answer.

**2. Criminal Law § 31c—**

A witness who has observed defendant, and has had reasonable opportunity of forming an opinion satisfactory to himself, may give his opinion as to the sanity of the defendant or his ability to understand the difference between right and wrong, though he may not invade the province of the jury by testifying as to his opinion as to defendant's mental capacity to commit a particular crime.

**3. Criminal Law § 5a—**

The test of mental responsibility for crime is not low mentality but the capacity to distinguish between right and wrong.

**4. Homicide § 27h—**

Where all the evidence tends to show murder committed in the perpe-
tration of a robbery pursuant to a conspiracy and that both defendants
were present and participated in the crime, the court properly limits the
jury to verdicts of guilty of murder in the first degree or not guilty.

APPEAL by defendants from *Thompson, J.,* at April Term, 1946, of
SAMPSON. No error.

The defendants were indicted for the murder of one John Addison.
The jury returned verdict of guilty of murder in the first degree. From
judgment imposing sentence of death, the defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton,
Rhodes, and Moody for the State.*

*J. Faison Thomson and Walter T. Britt for defendants.*

DEVIN, J. The evidence offered at the trial showed that the murder
was committed in the perpetration of a robbery and that both defendants
were present and participated in the crime. The defendants made con-
fessions at the time of their arrest, giving the details of the slaying of
deceased with a shotgun for the purpose and in the course of robbing
him, and that this was pursuant to a concerted plan conceived and
consummated by the defendants. They lured the deceased into the woods
under pretext of selling him whiskey, and there they told him to cross
his arms behind him and shot him, killing him instantly. Then they
robbed his body. The confessions of the defendants were admitted with-
out objection. Neither of them went on the stand.

The defendants were young. At the time of the crime defendant
Matthews was 18 years of age and Williams 17. Evidence was offered
in their behalf that the mentality of both was of a low order. A mental
expert testified, after examining them at the time of the trial, that both
were border-line cases, with mental age of nine years and six months.
The father of defendant Matthews said he was "frenzied minded," and
Williams' father said his son was "frazzle minded." In rebuttal the
State offered several witnesses who had known defendants for some time
and for whom in several instances the defendants had worked, that the
mental capacity of the defendants was apparently normal for persons of
their age, and that in the opinion of the witnesses they had sufficient
mental capacity to know right from wrong.

The defendants noted exception to the testimony of several of these
non-expert witnesses on the ground that it was not competent for them
to give in evidence their opinions as to the ability of the defendants to
know right from wrong. It appears that in each instance no objection
was made to the question or answer but only to the denial of a subse-

quent motion to strike the question and answer. The objection came too late. *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241. But we think the evidence was competent. It is well settled in this jurisdiction that a witness who has observed another and had reasonable opportunity of forming an opinion satisfactory to himself as to his mental condition, may express an opinion as to his sanity or his ability to understand the difference between right and wrong. *S. v. Harris,* 223 N. C., 697, 28 S. E. (2d), 232; *S. v. Hawkins,* 214 N. C., 326 (333), 199 S. E., 284; *S. v. Nall,* 211 N. C., 61, 188 S. E., 637; *S. v. Keaton,* 205 N. C., 607, 172 S. E., 179; *S. v. Jones,* 203 N. C., 374, 166 S. E., 163; *S. v. Hauser,* 202 N. C., 738, 164 S. E., 114. "His objections that non-experts were allowed to express opinions upon his sanity or ability to know the difference between right and wrong are not well founded." *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411.

Furthermore, there was no evidence in this case that either of the defendants was insane, or was unable to distinguish between right and wrong. The mental expert offered by the defendants gave it as his impression that they did know right from wrong. The defendants' evidence pointed to low mentality, but fell short of indicating mental irresponsibility or incapacity to commit crime. *S. v. Haywood,* 61 N. C., 376. However, the rule which permits opinion evidence as to the sanity of a person charged with crime, when his mental responsibility is in issue, may not be extended to permit a witness to testify whether defendant had mental capacity to commit the particular act charged, or to render competent opinion evidence which invades the province of the jury as to defendant's capacity for a particular crime. *S. v. Hauser,* 202 N. C., 738, 164 S. E., 114; *S. v. Journegan,* 185 N. C., 708, 117 S. E., 27; *In re Will of Lomax,* 224 N. C., 459, 31 S. E. (2d), 369.

Low mentality is not the test of responsibility for crime. *S. v. Jenkins,* 208 N. C., 740, 182 S. E., 324. The test of responsibility is the capacity to distinguish between right and wrong at the time and in respect of the matter under investigation. *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Potts,* 100 N. C., 457, 6 S. E., 657. "He who knows the right and still the wrong pursues is amenable to the criminal law." *S. v. Harris,* 223 N. C., 697, 28 S. E. (2d), 232.

Under the evidence in this case the trial court properly limited the possible verdicts of the jury to murder in the first degree or not guilty. *S. v. Mays,* 225 N. C., 486, 35 S. E. (2d), 494; *S. v. Miller,* 219 N. C., 514, 14 S. E. (2d), 522; G. S., 14-17.

Exceptions were noted to the judge's charge to the jury, but a careful examination of the portions criticized, as well as the entire charge, fails to disclose error. The court's instructions both as to the facts necessary to be found by the jury before they could convict the defendants or either

of them, as well as his instructions on the question of their mental responsibility, were in substantial accord with the uniform decisions of this Court. *S. v. Murray,* 216 N. C., 681, 6 S. E. (2d), 513; *S. v. Mays, supra; S. v. Cooper,* 170 N. C., 719, 87 S. E., 50; *S. v. Harris, supra; S. v. Hairston, supra; S. v. Miller, supra.*

We think the comment of the present *Chief Justice* in *S. v. Wingler,* 184 N. C., 747, 115 S. E., 59, is appropriate in this case. The only error we find in the record is the great error of the defendants in feloniously slaying the inoffensive victim of their lust for robbery. This error we have no power to correct. The only extenuating circumstance is the youth of the defendants, but that is not a matter for the consideration of this Court, since they possessed capacity to commit the crime charged, and were in law responsible for their wrongful acts.

In the trial we find

No error.