STATE v. JOHN THOMAS SWINK.

(Filed 19 May, 1948.)

**1. Criminal Law § 5a—**

   A person who commits a criminal act but who is mentally incapable of knowing the nature and quality of his act or incapable of distinguishing between right and wrong in relation to such act, is exempt from criminal responsibility.

**2. Same—**

The presumption of sanity applies to persons charged with crime, but the presumption is rebuttable.

**3. Criminal Law § 5c, 5d—**

A defendant has the burden of proving his defense of insanity to the satisfaction of the jury, and an instruction that the defense must be "clearly established" must be held for reversible error in placing upon the accused a higher degree of proof than that required by law.

APPEAL by the prisoner, John Thomas Swink, from *Clement, J.,* and a jury, at the October Term, 1947, of GUILFORD.

The prisoner, a boy of the age of eighteen years, was tried upon a bill of indictment alleging that he perpetrated the capital felony of rape upon a girl of the age of nine years. G. S., 14-21. Answering the charge preferred against him by the State, the accused entered two pleas, namely: first, a general plea of not guilty upon the ground that he did not commit the capital felony of rape or any of the lesser offenses included in the charge set forth in the indictment; and, second, a special plea of not guilty upon the ground that he was insane at the time specified in the indictment.

The evidence of the State and that of the prisoner were in sharp conflict with respect to the issue raised by the general plea of not guilty. The State adduced testimony tending to show that the accused raped the prosecuting witness in manner and form as charged in the bill of indictment, and the prisoner replied thereto with evidence indicating that this could not have been so because he was not at the place where the alleged crime was committed at the time of its alleged commission.

The evidence of the State and that of the accused were likewise in substantial conflict in respect to the issue arising upon the prisoner's special plea of not guilty upon the ground of insanity. We refrain from setting forth the conflicting testimony relating to the prisoner's mental condition with particularity because a detailed statement of such evidence is not necessary to an understanding of the only question involved on this appeal. For present purposes, it is sufficient to say that the prisoner presented testimony tending to show that he was mentally irresponsible at the time named in the indictment, and that the State countered with evidence indicating that the accused was mentally accountable at such time.

The jury returned a verdict finding the prisoner "guilty of rape as charged in the bill of indictment," but recommended "that the State of North Carolina not take his life." The trial judge thereupon pronounced sentence of death against the accused, and he appealed.

STATE *v.* SWINK.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Lyon & Johnson and T. W. Albertson for prisoner, appellant.*

ERVIN, J.   It is a well settled rule in the administration of criminal justice in this State that an accused is legally insane and exempt from criminal responsibility by reason thereof if he commits an act which would otherwise be punishable as a crime, and at the time of so doing is laboring under such a defect of reason, from disease of the mind, as to be incapable of knowing the nature and quality of the act he is doing, or, if he does know this, incapable of distinguishing between right and wrong in relation to such act.   *S. v. Matthews,* 226 N. C., 639, 39 S. E. (2d), 819; *S. v. Harris,* 223 N. C., 697, 28 S. E. (2d), 232; *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Terry,* 173 N. C., 761, 92 S. E., 154; *S. v. Cooper,* 170 N. C., 719, 87 S. E., 50; *S. v. English,* 164 N. C., 497, 80 S. E., 72; *S. v. Cloninger,* 149 N. C., 567, 63 S. E., 154; *S. v. Spivey,* 132 N. C., 989, 43 S. E., 475; *S. v. Potts,* 100 N. C., 457, 6 S. E., 657; *S. v. Haywood,* 61 N. C., 376; *S. v. Brandon,* 53 N. C., 463.

By his special plea of not guilty upon the ground of insanity, the prisoner invoked this principle for his protection, and put directly in issue for the determination of the jury the question of fact as to whether he was sane or insane in a legal sense at the time mentioned in the indictment.   It has already been pointed out that the testimony of the State and that of the accused concerning this matter were in sharp conflict. The trial judge charged the jury, in substance, that to establish the prisoner's plea of insanity it must be "clearly established" that he did "not know the nature and quality of the act he was doing, or if he did know it, that he did not know he was doing what was wrong."   The accused duly preserved an exception to this instruction on the theory that it imposed too high a degree of proof upon him in respect to the defense of insanity.

Since soundness of mind is the natural and normal condition of men, everyone is presumed to be sane until the contrary is made to appear. This presumption of sanity applies to persons charged with crime, but it is rebuttable.   *S. v. Harris, supra; S. v. Cureton,* 218 N. C., 491, 11 S. E. (2d), 469; *S. v. Bracy,* 215 N. C., 248, 1 S. E. (2d), 891; *S. v. English, supra; S. v. Cloninger, supra; S. v. Potts, supra; S. v. Starling,* 51 N. C., 366.   These considerations give rise to the firmly established rule that the burden of proof upon a plea of insanity in a criminal case rests upon the accused who sets it up.   But he is not obliged to establish such plea beyond a reasonable doubt.   He is merely required to prove his insanity to the satisfaction of the jury.   *S. v. Harris, supra; S. v. Stafford,* 203 N. C., 601, 166 S. E., 734; *S. v. Jones,* 203 N. C., 374, 166

S. E., 163; *S. v. Wilson,* 197 N. C., 547, 149 S. E., 845; *S. v. Walker,*
193 N. C., 489, 137 S. E., 429; *S. v. Jones,* 191 N. C., 753, 133 S. E., 1;
*S. v. Terry, supra; S. v. Potts, supra; S. v. Starling, supra.*

When the trial judge instructed the jury, in effect, that the prisoner's
plea of insanity must be "clearly established," he imposed upon the
accused the burden of proving his insanity by a higher degree of proof
than that required by law. 14 C. J. S., 1200; 11 C. J., 837; *Beeler v.
People,* 58 Colo., 451, 146 P., 762; *McEvony v. Rowland,* 43 Neb., 97,
61 N. W., 124; *People v. Wreden,* 59 Cal., 392.

Undoubtedly, the learned judge in the court below fell into this error
because of a too literal reliance upon the language used by *Lord Chief
Justice Tindal* in the celebrated English decision known as *MacNaugh-
ten's case.* See 16 C. J., 100. The present action is distinguishable from
*S. v. Manning,* 221 N. C., 70, 18 S. E. (2d), 821, where a similar errone-
ous instruction was given. In *Manning's case,* however, the trial judge
recalled the jury after it had been out a short while and corrected his
error. Nothing of this sort happened here.

For the reason given, the prisoner is entitled to a new trial. It is
so ordered.

New trial.