STATE v. CLAUDE E. SHACKLEFORD.

(Filed 9 June, 1950.)

**1. Criminal Law § 5a—**

The test of responsibility of a person charged with a criminal offense is the capacity to distinguish between right and wrong at the time and in respect of the matter under investigation.

**2. Criminal Law § 31h—**

Testimony of an expert psychiatrist as to his opinion in regard to defendant's psychopathic personality, which the expert testifies has nothing to do with defendant's ability to distinguish between right and wrong, is immaterial, irrelevant and incompetent, and is properly excluded.

**3. Rape § 3—**

The provisions of Sec. 4, Chap. 299, Session Laws of 1949, amending G.S. 14-21, provides merely that the jury may recommend life imprisonment even though the jury find facts from the evidence sufficient to constitute rape, and that the judge shall instruct the jury that such verdict may be returned, but the statute makes no change in the elements constituting the crime of rape or the rules of evidence in such prosecutions, and therefore evidence otherwise incompetent is not rendered admissible because directed to an appeal for mercy.

**4. Criminal Law § 81c (2)—**

An exception to the charge will not be sustained when the charge, read contextually, could not have misled the jury.

**5. Criminal Law § 78e (2)—**

A misstatement of the contentions must be brought to the trial court's attention in apt time in order for an exception thereto to be considered on appeal.

**6. Criminal Law § 79—**

> Assignments of error not set out in appellant's brief and in support of which no reason or argument is stated or authority cited are deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

APPEAL by defendant from *Sharp, Special Judge*, at 29 August, 1949, Criminal Term of GUILFORD—High Point Division.

Criminal prosecution upon an indictment charging defendant with the capital felony of rape upon a certain named female child, who was under the age of twelve years. G.S. 14-21, as rewritten 1949 Session Laws of North Carolina, Chapter 299, Section 4.

Defendant, upon arraignment, pleaded not guilty.

The evidence offered by the State, upon the trial in Superior Court, tends to show that on the night of 11 August, 1949, defendant, a man thirty-three years of age, committed the crime of rape upon a certain named female child, who, at the time, was ten years of age. The child, testifying as a witness for the State, portrays in minute detail a sordid story of the offense committed upon her by defendant. And her testimony was corroborated by the evidence as to her mutilated physical condition, blood-stained articles of her clothing, and of his clothing, and linoleum from the floor of his automobile, as well as by the testimony of a doctor, who examined and treated her, and by others who saw defendant with the child in his automobile the night of 11 August and the morning of 12 August.

The evidence for the State tended to show that defendant was drinking whiskey on the night of 11 August, and there was evidence to the contrary.

Defendant did not testify as a witness. But he offered evidence tending to show that he was drinking on the night of 11 August; that he has become quite a drinker; that he drinks a lot; that he usually does his drinking away from home because he avoids his mother when he is drinking; that when a small child about six years of age a telephone pole fell on his head; that thereafter he had headaches; that on another occasion he was hit under the edge of his eye with a baseball; that he married at seventeen, and left home to make a home of his own; that he had a number of encounters with the law,—such as petty larceny, drunkenness, immoral conduct, reckless driving, and served time for killing a man while he was in the Army.

Defendant also introduced a doctor as a witness, a medical expert, an expert psychiatrist, by whom he offered to show in the absence of the jury, that in his opinion, based upon the history given, defendant has a psychopathic personality. The doctor in defining psychopathic personality testified that it is "a defect that a person is born with rather than a disease which he acquires, and has nothing whatever to do with his

intellectual appreciation of the difference between right and wrong, or of his ability to know the nature and consequences of his acts. It does not affect that intellectually. It does not affect his ability to feel emotionally. It is believed to be a lack of maturity in a certain portion of the brain which has nothing to do with the intelligence, but has to do with emotions and will and the moral sense. And these people are unable to profit by experience and rewards and punishments do not affect them, and they are, in so far as the present state of our knowledge goes, incurable and permanent in that condition." The expert elaborated on the definition as applicable to defendant. But upon objection all the testimony was excluded. Defendant excepted. And the case was submitted to the jury.

Verdict: Guilty of rape as charged in the bill of indictment.

Judgment: Death by the administration of lethal gas in the manner provided by law.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Rhodes, and Walter F. Brinkley, Member of Staff, for the State.*

*York, Morgan & York and Haworth & Mattocks for defendant, appellant.*

WINBORNE, J. While defendant sets forth in the record on appeal a great many assignments of error, he debates in his brief mainly the group relating to the exclusion of the expert testimony pertaining to psychopathic personality. In excluding the testimony error is not made to appear.

In this connection, it is noted that in this State the test of responsibility of a person charged with a criminal offense is the capacity to distinguish between right and wrong at the time and in respect of the matter under investigation. *S. v. Brandon,* 53 N.C. 463; *S. v. Potts,* 100 N.C. 457, 6 S.E. 657; *S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Matthews,* 226 N.C. 639, 39 S.E. 2d 819; *S. v. Swink,* 229 N.C. 123, 47 S.E. 2d 852; *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348.

"He who knows the right and still the wrong pursues is amenable to the criminal law,"—*Stacy, C. J.,* in *S. v. Jenkins,* 208 N.C. 740, 182 S.E. 324, citing *S. v. Potts, supra.*

Considering this test with the statement of the expert psychiatrist that psychopathic personality "has nothing whatever to do with" a person's "intellectual appreciation of the difference between right and wrong, or of his ability to know the nature and consequences of his acts," it becomes apparent that the proffered testimony is immaterial, irrelevant and incompetent, and was properly excluded.

But defendant, in his brief filed here, calls attention to Section 4 of Chapter 299 of 1949 Session Laws of North Carolina, in which the statute G.S. 14-21 pertaining to punishment for rape is rewritten, and contends that since by this act the General Assembly has empowered the jury to exercise its discretion, within limitations, in fixing punishment in cases of rape, there is more compelling reason for admitting in evidence the testimony excluded by the trial court.

In this connection, the statute as so rewritten by the General Assembly reads: "Every person who is convicted of ravishing and carnally knowing any female of the age of twelve years or more by force and against her will, or who is convicted of unlawfully and carnally knowing and abusing any female child under the age of twelve years, shall suffer death: Provided, if the jury shall so recommend at the time of rendering its verdict in open court, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury." It is noted that the only changes in the statute are embraced within the terms of the proviso.

However, it is clear from a reading of the amendment that the General Assembly did not attempt to make any change in the elements constituting the crime of rape, or in the rules of evidence applicable in the trial on a charge of rape. Rather, it is patent that the sole purpose of the act is to give to the jury the right on the evidence in the case to render a verdict of guilty of rape, with recommendation of life imprisonment, even though the jury may find facts sufficient to constitute rape as defined by the statute. In the case of *Ashbrook v. State,* 49 Ohio App. 298, 197 N.E. 214, this headnote epitomizing the opinion is pertinent to subject under consideration: "The action of a jury in recommending or failing to recommend mercy in a first degree murder case is a matter entirely within its discretion; it is not an issue in the case, nor can evidence be introduced directed specifically toward a claim for mercy." Compare *S. v. McLean,* 224 N.C. 704, 32 S.E. 2d 227. Prior to the amendment a verdict of guilty of rape made punishment by death imperative.

Moreover, the clause "and the court shall so instruct the jury," merely directs the court to instruct the jury that such verdict may be returned.

Each of the other two exceptions treated in defendant's brief have been considered, and fail to show merit. Both are directed against portions of the charge. The one is to a portion of the instruction on reasonable doubt. When read in connection with that which immediately precedes, it is not likely that the jury could have misunderstood the meaning of the term. And the other is to a portion of the charge in which the court was stating a contention of defendant. If it were a misstatement of contention, it does not appear that defendant called the matter to the attention of the court. Failing in this, objection is waived.

Moreover, other assignments of error set forth and grouped in the record on appeal are not set out in appellant's brief filed here, nor is reason or argument stated, or authority cited in support thereof. Hence they are taken as abandoned. Rule 28 of Rules of Practice in the Supreme Court, 221 N.C. 544, at page 562.

After careful consideration, we find in the judgment from which appeal is taken,

No error.