STATE OF NORTH CAROLINA v. GEORGE THOMAS WARD

No. 7926SC660

(Filed 8 January 1980)

**Criminal Law § 112.6— defense of insanity—instruction on burden of proof—"reasonable satisfaction" of jury**

The trial court erred in instructing the jury that defendant had the burden of proving his defense of insanity to the "reasonable satisfaction" of the jury, since he was merely required to prove his insanity to the satisfaction of the jury.

APPEAL by defendant from *Friday, Judge*. Judgment entered 23 February 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 December 1979.

Defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious bodily injury and assault with a deadly weapon upon a law enforcement officer while the officer was performing a duty of his office. These offenses arose when the victim, D. A. Mills, a state highway patrolman, stopped defendant for reckless driving. The evidence tended to show defendant made an unprovoked assault on Trooper Mills, seized his four-cell flashlight and beat him to the ground by hitting him on the head with it. Defendant attempted to get the officer's pistol and in the ensuing struggle, defendant was shot twice. Both defendant and Officer Mills required medical treatment. Defendant introduced evidence tending to show that he was insane at the time, the medical expert witnesses concluding that he had a mental condition called paranoid schizophrenia and chronic undifferentiated schizophrenia. From judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Marnite Shuford for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant excepted to the following portion of the court's charge on insanity: "He [the defendant] must prove the defendant's insanity to you to your *reasonable* satisfaction." (Emphasis added.)

Earlier in the charge the court defined reasonable doubt:

> Now, members of the jury, a reasonable doubt is a doubt based on reason and common sense arising out of some or all of the evidence that has been presented, or lack or insufficiency of the evidence, as the case may be. Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the defendant's guilt.

In applying the law to the evidence with respect to insanity, the court again instructed the jury that the standard of proof re-

quired by the defendant was to the "reasonable satisfaction" of the jury.

Later in the charge, the court instructed: "However, he [the defendant] need not prove beyond a reasonable doubt that he was insane, but only to your reasonable satisfaction."

In North Carolina insanity is an affirmative defense which must be proved to the satisfaction of the jury by every defendant who relies upon it. *State v. Caldwell*, 293 N.C. 336, 237 S.E. 2d 742 (1977), *cert. denied*, 434 U.S. 1075 (1978). The standard of proof required is to the satisfaction of the jury. *Id.* A proper instruction on the burden of proof of insanity follows:

> Since soundness of mind is the natural and normal condition of men, everyone is presumed to be sane until the contrary is made to appear. This presumption of sanity applies to persons charged with crime, but it is rebuttable. [Citations omitted.] These considerations give rise to the firmly established rule that the burden of proof upon a plea of insanity in a criminal case rests upon the accused who sets it up. But he is not obliged to establish such plea beyond a reasonable doubt. He is merely required to prove his insanity to the satisfaction of the jury.

*State v. Swink*, 229 N.C. 123, 125, 47 S.E. 2d 852, 853 (1948). *See also* N.C.P.I. Crim. 304.10 (1977).

By charging the jury that defendant had the burden to prove his insanity to the "reasonable satisfaction" of the jury, the court imposed upon the defendant a higher degree of proof than that required by law. *State v. Swink, supra.*

This prejudicial error was further compounded by the definition of "reasonable doubt" given the jury, opening the probability that the jury applied this definition to "reasonable satisfaction" in its deliberations.

For this error in the charge, there must be a new trial. Other assignments of error are made in the record on appeal, but as they may not occur in a retrial of the case, we refrain from discussing them.

New trial.

Judges VAUGHN and WEBB concur.